JOHN J. McKENDREE, plaintiff in error, *vs.* JESSE H. SIKES, defendant in error.

When the Judge who tried a cause has died, or is out of office, and a motion is made for a new trial, the Judge to whom the application is made, is required, by the rules of Court, to ascertain the facts by the best means at his command.  But this does not require him to re-examine the witnesses, or to hear oral testimony as to what transpired at the trial.  The party moving should present, in writing, a brief of the testimony and the history of the trial, properly verified, and this Court will not overrule the Judge below, in refusing to take up the time of the country in an examination of the witnesses, to make up a history of the trial and a brief of the testimony.

Motion for New Trial.   Practice.   Before Judge JOHNSON. Muscogee Superior Court.   May Adjourned Term, 1869.

At May Term, 1869, of said Court, Sikes obtained a judgment against McKendree, in a cause then pending.  McKendree's counsel filed a motion for a new trial, upon the grounds that the Court (then Judge Worrill) had erred in a portion of his charge, applicable to the facts of the case, and that the verdict was contrary to the evidence, etc.  Before the motion was heard, Court adjourned till July, 1869. Meanwhile Judge Worrill was succeeded by Judge Johnson. When the matter was called up before him, counsel for McKendree stated that they and Sikes' counsel had not agreed, and could not agree, as to the evidence which was submitted to the jury, on said trial, and that no brief of the evidence, ap-

McKendree *vs.* Sikes.

proved by Judge Worrill, had been filed, and proposed to call the witnesses, who were sworn on said trial, and thus to settle differences between them.   The Court refused to allow this.   Movants then proposed to swear said witnesses, read over to them the evidence, as counsel had written it, and ask whether the same was correct or not.   The Court refused to allow that.   They then asked for a *subpœna* to send for Judge Worrill and have him testify as to what was the evidence on said trial.   This too was refused.   Movants making no other motion, the motion for a new trial was dismissed.   These decisions are assigned as error.

WILLIAMS & THORNTON, by M. H. BLANFORD, for plaintiff in error.

R. J. MOSES, for defendant, cited 49th rule of Court, 38th Ga., 682; Irwin's Code, sec. 4195.

McCAY, J.

The point in this case is purely a question of practice. When a question arises between the parties, in making up a brief of the testimony, it is to be settled by the Judge.   Ordinarily, he is informed of facts by affidavit, in writing, and we do not think it was error for him to insist on that mode in this case.   The time of the country is too precious to be spent in re-hearing the witnesses, in order that a brief may be made up, for the benefit of one of the parties, to-wit, that he may make his motion for a new trial.

We think the Judge was right in refusing to interfere with the business of the Court, to make this investigation.   It is for the parties to make up their brief and present it to the Judge for his approval, and if, as in this case, the Judge did not hear the testimony, the party seeking his approval must present his brief verified, so that the Judge may know if it be correct or not.   If the Judge need other light, he may exercise his discretion and take such order to obtain it as he thinks best.

Judgment affirmed.