Shaffer *vs.* Simmons.

---

ANDREW J. SHAFFER, plaintiff in error, *vs.* JAMES P. SIM-MONS, defendant in error.

1. At the September term, 1872, a verdict was rendered in favor of the defendant, and a motion made by the plaintiff for a new trial. An order was passed giving the plaintiff leave to file his motion and brief of evidence at the next term. At the next term, March, 1873, an order was taken reciting that the defendant had died since the last term, and that there being no representation upon his estate, the motion for a new trial should stand continued. An order was also passed giving to the plaintiff further time to have the brief of evidence revised and approved by the court, or agreed on by counsel. At the March term, 1874, the administrator of the defendant was made a party, and the motion came on to be heard before Judge Rice, the successor of Judge Davis, before whom the issue was originally tried. Counsel for defendant would not agree to the brief of evidence, and the court had to satisfy itself in the best manner it could as to the correctness of the brief of evidence filed by the plaintiff, and then approve it. Under these circumstances, a refusal to dismiss the motion for a new trial was not error.

Where a debt had been scaled under the ordinance of 1865, and a motion was made to open the judgment under the relief act of 1868, upon the trial of which issue the debt was again reduced, the judgment of the court below granting a new trial will not be interfered with.

New trial. Practice in the Superior Court. Scaling ordinance. Relief Act of 1868. Before Judge RICE. Gwinnett Superior Court. March Term, 1874.

For the facts of this case, see the decision.

CLARK & PACE; J. N. GLENN; N. L. HUTCHINS, for plaintiff in error.

WINN & SIMMONS, for defendant.

WARNER, Chief Justice.

This case came before the court below on a motion for a new trial; the judge who presided on the trial having gone out of office, the motion was heard before his successor. It appears from the record that a motion had been made in the court below to open and reduce the amount of a judgment under the act of 1868; the debt on which the judgment was founded, had already been scaled under the provisions of the ordinance of 1865. The issue was tried by a jury at the September term of the court, 1872, and a verdict rendered in favor of the defendant reducing the amount of the judgment. At that term of the court a motion was made by the plaintiff in the judgment for a new trial. The court passed an order at that term, for the reasons stated therein, giving to the plaintiff leave to file his motion and brief of the evidence at the next term of the court, as if the same had been done at the present term. At the next March term of the court, 1873, an order was passed reciting that Russell, the movant to reduce the judgment, had departed this life since the last term of the court, and that his estate had no legal representative, and that the motion for a new trial stand continued. At the same term of the court an order was passed giving to the plaintiff further time to have the brief of evidence revised and approved by the court, or agreed on by counsel. Nothing more appears to have been done in the case until March term, 1874, when the administrator of Russell, by an order of the court, was made a party to the proceeding in lieu of Russell, when the motion for a new trial was heard before Judge Rice, he being the successor of Judge Davis, before whom the issue was originally tried. In this state of the case the presiding judge certifies that he urged upon the counsel to agree upon the brief of the evidence filed by the plaintiff, but the

Shaffer *vs.* Simmons.

defendant's counsel could not or would not agree to it, and the court had to satisfy itself from the evidence before it in the best manner it could as to the correctness of the brief of the evidence filed by the plaintiff, and then approve it. The counsel for defendant then moved the court to dismiss the motion for a new trial for the alleged irregularities in the proceedings in making the motion, and in filing and approving the brief of the evidence in the case, which motion the court overruled, and the defendant excepted. The court, after hearing argument on the merits of the motion, granted a new trial, to which the defendant excepted.

1. If the case was reached on the docket at September term, 1873, it was probably continued, because it was not in a condition to be heard, for want of parties, as the administrator of Russell does not appear to have been made a party until March term, 1874. There was no point made that the administrator of Russell did not have notice of the motion, but, on the contrary, it appears from the record that one of his counsel amended the brief of his own testimony which had been filed by the plaintiff. Where a case has been tried before a judge who has gone out of office, and a motion made for a new trial, and no brief of the evidence agreed on or approved by the judge, who tried it, under the facts and circumstances disclosed by the record before us, the defendant should not be allowed to defeat the motion by refusing to agree to a brief of the evidence, because the then presiding judge cannot verify and approve it of his own knowledge, not having been present at the trial. A large discretion must necessarily be allowed to the judge in such cases, and we do not think it was abused in this case. The motion to dismiss the motion for a new trial was properly overruled.

2. Nor do we find any error in the judgment of the court in granting the new trial. The equity of the defendant to have the plaintiff's judgment reduced, after the debt on which it was founded had once been scaled under the ordinance of 1865, is not at all apparent to us, and therefore we will not

interfere with the discretion of the court in granting the new trial.

Let the judgment of the court below be affirmed.