## MAYNARD *et al. vs.* HEAD.*

1. It was proper to refuse to dismiss the motion for a new trial in this case.   Having been continued and carried regularly to the May adjourned term of the court, it was then properly in court, and the court had full jurisdiction thereof.   The order then granted, giving the movant until the final hearing of the motion to prepare and perfect the brief of the evidence, was binding upon the parties; nor was this order vacated because the case was not heard in vacation at the time set therefor, but it continued of force until the final hearing.

2. The evidence upon the main issue in the case being conflicting, there was no abuse of discretion in granting a new trial.

January 18, 1887.

New Trial.   Practice in Superior Court.   Before Judge BOYNTON.   Monroe Superior Court.   February Term, 1886.

Reported in the decision.

W. D. STONE; T. B. CABANISS; BERNER & TURNER, for plaintiff in error.

HALL & HAMMOND, for defendant.

BLANDFORD, Justice.

In this case, a verdict having gone against Head, he moved for a new trial, and an order was granted in term

for that purpose, that the hearing should be had in vacation, with leave to the movant to present a brief of the evidence when the time of the hearing arrived. On account of the sickness of movant's counsel, by consent, the hearing was postponed until the next regular term of the court, and at the May adjourned term, an order was granted giving the movant until the final hearing of the motion to perfect and present a brief of the evidence, and the case was set for a hearing in vacation, but was continued from time to time and term to term, in consequence of sickness of counsel, until the expiration of Judge Stewart's term of service, when the case came on for a hearing before Judge Boynton. At the hearing, respondent moved to dismiss the motion for new trial because the brief of evidence had not been filed in time. This motion the court overruled, and this is the first exception and assignment of error. The court then approved the brief of evidence, and granted the new trial prayed for; and to this judgment respondent excepted, and assigns the same as error.

1. The motion for new trial was continued and carried regularly to the May adjourned term of the court; it was then properly in court, and the court had full jurisdiction of the same. The order then granted, giving movant, until the final hearing of the motion, leave to prepare and perfect the brief of evidence, was binding upon the parties; nor was this order vacated because the case was not heard in vacation at the time set for the hearing, but was a continuing order until the final hearing. So we think there was no error in overruling the motion to dismiss the motion for new trial.

2. The evidence upon the main point in the case was conflicting, and we cannot say the judge abused his discretion in granting a new trial.

Judgment affirmed.