COHEN & COMPANY *v.* LESTER.

SIMMONS, C. J.  1. Where a motion for a new trial was filed in term and an order granted allowing the movants until a day named "to complete and perfect this motion by adding thereto such new and additional grounds as they may deem proper, by enlarging and amplifying the grounds already stated, and by attaching thereto briefs of the charge of the court and the evidence to be approved by the court, and that they have until said date to have said evidence approved and filed," and where on a subsequent day in vacation, before the date fixed in the order, another order was passed providing "that the time for perfecting said motion for a new trial be extended on the same terms mentioned in the previous order, and without prejudice, and that the movants have until [a day named, being subsequent to the day named in the first order] to complete said

motion, and that the hearing of said motion, after this completion," be at a time and place designated, and where no brief of evidence was filed until the time fixed in the first order had expired, it was error to approve a brief of evidence afterwards presented, and there was no error in vacating, on motion of respondent, such order of approval, and dismissing the motion for a new trial.

2. The above would be true notwithstanding the fact that a third order was passed, reciting the passage of the two orders above named, and giving further time to perfect the motion and to perfect the brief of evidence, when such third order was passed expressly without prejudice to the rights of either party; and counsel for respondent, having consented simply to the time and place of hearing, would not be held to have waived the right to move to dismiss the motion for new trial.

*Judgment affirmed. All the Justices concurring.*

Argued December 15, 1897. — Decided January 10, 1898.

Motion for new trial.  Before Judge Spence.  Decatur superior court.  July 31, 1897.

*Donalson & Hawes* and *Townsend & Westmoreland*, by *Harrison & Bryan*, for plaintiffs in error.  *Bower & Bower*, contra.