## CHEROKEE IRON COMPANY *v.* BARRY.

When a motion for a new trial was duly filed and the court passed an order in effect allowing the movant until the hearing of the motion to obtain the judge's approval of the brief of evidence, it was erroneous to dismiss the motion merely because the brief, which had within the time prescribed by law been filed in the clerk's office, was not presented for approval before the hearing.

Argued October 9,— Decided November 2, 1899.

Motion for new trial. Before Judge Janes. Polk superior court. February term, 1899.

*W. C. Bunn* and *F. A. Irwin*, for plaintiff in error.
*W. J. Harris* and *Sanders & Davis*, contra.

LUMPKIN, P. J. The error complained of in the bill of exceptions now under consideration is the granting of an order

dismissing a motion for a new trial. It appears from the record that the motion and the brief of evidence accompanying the same were filed within the time prescribed by law, but that the brief had not been approved by the judge when the motion came on to be heard. The case was tried at the August term, 1898, of Polk superior court. At that term the judge signed an order presented to him by counsel for the movant with a view to fixing a day in vacation for the hearing of the motion. It was by this order directed that the motion be heard "on the .........day of............1898." The order also contained the following: "Let the brief of evidence be presented for approval on or before the date aforesaid, or in default thereof the motion will be dismissed." The blanks in the order were not filled at the time the judge signed it, he informing counsel that he would fill the same at a later day, or that, in case of his failure to do so, the hearing of the motion would go over to the next term of the court. In point of fact these blanks were never filled, and the motion came on for a hearing at the February term, 1899. Counsel for the respondent then moved to dismiss it, "because the brief of evidence had not been approved by the court within the time fixed by the order nisi," and, after argument had, the motion to dismiss was granted.

It was insisted in the argument here that the order above referred to in any event required the movant to procure an approval of the brief of evidence on some day during the year 1898, and that after the expiration of that year it was too late to obtain such approval. In this view we can not concur. Under the facts above recited, it is clear that at the time the order was signed no date was fixed or intended to be fixed; and it is equally clear that under the terms of the order the movant was to have until the hearing actually took place to have his brief of evidence approved. Furthermore, it was actually contemplated that the hearing might not take place until the February term, 1899. But, independently of the assurance given to counsel by the judge, the result of his failure to fix a day in vacation for the hearing of the motion was to carry the same over to the next term by operation of law. In *Central Railroad* v. *Pool*, 95 *Ga.* 412, it was distinctly ruled

that "the filing of a motion for a new trial together with a brief of the evidence within the time prescribed [by law] is sufficient to make the motion, for the purpose of keeping it alive till the final hearing, a valid and legal one. The approval of the brief of evidence is not indispensable to this purpose, and may be obtained after the time for filing has expired." The decision in that case is controlling here.

*Judgment reversed. All the Justices concurring.*