### EDMONDS *et al. v.* THE STATE.

1. Where an order is passed in term, setting the hearing of a motion for a new trial for a future day, and allowing until that time for the tender and approval of a brief of the evidence, and the time for the hearing of the motion and the approval of the brief of evidence is regularly continued from time to time by successive orders, the judge has jurisdiction on the last day to which the hearing has been postponed to dismiss the motion for failure to tender for approval a brief of the evidence, without regard to whether any of the dates fixed in the orders after the passage of the first order are in term or vacation.

2. Where three continuances of the hearing of a motion for a new trial have been granted, covering a period of more than thirty days, on account of the failure of the official stenographer to transcribe his notes or the evidence, it is not an abuse of discretion to dismiss the motion on the day last fixed for the hearing, when no brief of evidence is tendered for approval, and no reason is shown why the movant could not have prepared such brief without reference to the stenographer's transcript of the evidence.

Submitted April 17,—Decided May 10, 1905.

Accusation of gaming.     Before Judge Burch.     City court of Dublin.   February 13, 1905.

The case was tried at the December quarterly term of the city court of Dublin.   The accused were found guilty, and made a motion for a new trial.   An order was passed during the term, requiring the respondent to show cause, on January 9, 1905, why the motion should not be granted.   The order provided that a brief of the evidence should be presented for approval on or before that date, or in default thereof the motion would be dismissed, but that the time for hearing the motion and presenting the brief of evidence might be extended for good cause shown. On January 9 an order was passed, reciting that the official stenographer had not written out the evidence, and continuing the hearing of the motion and extending the time for approval of the brief of evidence until January 23.   On January 23 a further continuance of the motion and an extension of the time for presenting a brief of the evidence for approval were granted, for the same reason, until February 10.   On February 10 a further continuance and extension were granted, for the same reason, until February 13.   On February 13 a motion was made for a further continuance, because of the failure of the stenographer to write out the evidence.   The judge overruled this motion, and sustained a motion made by the solicitor to dismiss the motion for a new

trial on account of the failure of the movants to present for approval a brief of the evidence. Error is assigned upon the dismissal of the motion. It is contended that the judge had no jurisdiction of the motion in vacation, but that it went over by operation of law to the next term; and that if he did have jurisdiction, it was an abuse of discretion to dismiss the motion.

*T. L. Griner* and *J. S. Adams*, for plaintiffs in error.

*G. H. Williams, solicitor*, contra.

COBB, J. 1. The city court of Dublin holds quarterly terms on the first Mondays in March, June, September, and December, and monthly terms on the second Mondays in each month. Acts 1900, p. 124, sec. 19. There is nothing in the act fixing any different rules for hearing motions for new trials than those prescribed by general law. The hearing not being had under the provisions of the Civil Code, §§ 4323, 4324, to acquire jurisdiction to deal with the motion in vacation it was necessary to pass an order for this purpose in term. *Napier* v. *Heilker*, 115 *Ga.* 168, 171; *Wood* v. *Wiley Mfg. Co.*, 117 *Ga.* 517. The motion was, by an order passed at the December term, 1904, set for a hearing on January 9, 1905, and by regular orders continued from time to time until February 13. It does not appear whether January 9 or any of the dates intervening between that date and February 13 were in term or vacation. Nor does it distinctly appear that February 13 was in vacation, although one of the assignments of error is that the judge had no jurisdiction to dismiss the motion in vacation. It is, however, immaterial whether these dates, or any of them, were in term or vacation. The first order was passed in term. The judge therefore had jurisdiction on January 9, whether that date was in term or vacation. Having jurisdiction on that date, he could lawfully continue the motion until January 23, and from that time to February 10, and from then to February 13; and on that date the judge had jurisdiction to pass any order in reference to the motion which he saw proper, without regard to whether it was in term or vacation. The orders began in term, and each order after the first being connected with the one immediately preceding, the judge never lost jurisdiction of the motion. The provisions of the first order, that the respondent show cause why the motion should not be granted, had the effect to set the motion for a hearing on January 9.

2. The act creating the city court of Dublin provides for the appointment of an official stenographer. Acts 1900, page 130, sec. 42. There is, however, nothing in the act requiring litigants, when filing a motion for a new trial, to use the transcript of the evidence made by the stenographer. They may make up a brief of evidence from his transcribed notes, but they are not bound to do this. A brief of evidence may be agreed upon and approved by the judge without reference to the stenographer's transcript. In the present case it does not appear that any effort was made to agree upon such a brief of evidence, nor was the court asked to approve a brief of evidence made up by the movants or their counsel. In addition to this, no order was asked requiring the stenographer to write out the testimony within any given time. The judge was requested to exercise his discretion in granting a further continuance of the hearing solely on account of the laches of the stenographer. The movants showed no excuse for their own lack of diligence. There was no abuse of discretion in refusing a further extension of time and dismissing the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Candler, J., absent.*