HOLTZENDORFF, administratrix, v. DILLARD.

LUMPKIN, J.   1.   A verdict was found and judgment rendered thereon
  on February 9, 1909.   A motion for a new trial was filed on February
  11, during the term.   A rule nisi was granted, requiring the adverse
  party to show cause on March 13, in vacation, why a new trial should
  not be granted.   At the same time another order was taken, which
  recited that it was impossible to make out and complete a brief of the
  testimony before the adjournment of court, and provided that the
  movant might amend his motion at any time before the final hearing,
  and should have until the final hearing, whenever it might be, to pre-
  pare and present for approval the brief of evidence; and that if for any ·
  reason the motion was not heard at the time and place fixed, it should
  be heard and determined at such time and place in vacation as counsel
  might agree upon, and, upon their failure to so agree, at such time and
  place as the presiding judge might fix on application of either party;
  and that if for any reason the motion was not heard and determined
  before the beginning of the next term of court, .then it should stand
  on the docket until heard and determined at such term or thereafter.
  *Held,* that the motion ·for a new trial did not become functus officio
  because it was not heard on the day named in the rule nisi, and no
  brief of evidence was then tendered for approval, and no further order
  was taken continuing the hearing.   When such motion was not heard
  during the vacation, it stood for hearing and determination in term
  time, subject to again be set for a hearing in vacation by special order
  passed during the term.
2. Where at a later term of court such motion was again set for ·a hear-
  ing by a special order, the presiding judge had jurisdiction, at the time
  so fixed, to deal with the motion and with the approval of the brief of
  evidence; and there was no error in refusing to dismiss the motion

16

because the brief of evidence had not been sooner presented, under the facts shown as to the cause of delay.

3. Nor was there any abuse of discretion in again postponing the case for a week.

4. Where by order a motion for a new trial was set for hearing on a day named in vacation, and on the day preceding such named date the judge telegraphed to counsel that the hearing was continued to another fixed date, but did not pass a written order of continuance, there was no error, on the later day so fixed, in signing the order of continuance nunc pro tunc, the continuance having in fact been made by the judge but the order therefor not having been at the time reduced to writing.

5. On the last date so fixed for the hearing, the presiding judge had jurisdiction to approve the brief of evidence, then presented for that purpose, and to pass on the motion for a new trial.

6. Although some months had elapsed between the trial of the case and the hearing of the motion for a new trial, and the presiding judge could not from memory certify to the accuracy of the brief of evidence, yet where the evidence and the charge of the court were taken down by the official stenographer at the time of the trial, and were transcribed, and from this the presiding judge approved them, this court will not reverse his judgment for so doing, and declining to dismiss the motion for a new trial.

7. There was no error in refusing to dismiss the motion for a new trial on any of the grounds contained in the motion therefor.

8. The verdict was not demanded by the evidence, and the presiding judge did not abuse his discretion in granting a first new trial.

*Judgment affirmed. All the Justices concur.*
May 9, 1911.

Motion for new trial. Before Judge Conyers. Glynn superior court. June 25, 1910.

*J. D. Sparks,* for plaintiff in error.

*Hatton Lovejoy* and *Crovatt & Whitfield,* contra.