## 2975.  ALBRITTON v. TYGART.

The law in this State contemplates that the brief of the evidence accompanying a motion for a new trial, as well as the motion itself, shall be filed at the term at which the trial takes place; and in order to authorize a later filing of the brief of the evidence, an order of court must be taken during that term, granting the privilege.  An order continuing the hearing of the motion does not of itself extend the time within which the brief of the evidence may be filed.  If an order is taken which is ambiguous or equivocal in its terms, so far as it relates to the question as to whether the movant shall have time beyond the term in which to present the brief of the evidence, the reviewing court will not reverse the trial judge's decision construing it against the movant.

DECIDED JUNE 7, 1911.

Motion for new trial; from city court of Nashville—Judge Buie. September 5, 1910.

*J. W. Powell, W. G. Harrison,* for plaintiff in error.

*J. P. Knight, Alexander & Gary, Hendricks & Christian,* contra.

POWELL, J.  The case of *Tygart v. Albritton* was tried at the April term, 1910, of the city court of Nashville.  Verdict having been rendered in favor of the plaintiff, the defendant filed what is commonly called a "skeleton" motion for new trial, and took thereon a rule nisi, returnable on the 17th of May, in vacation.  No brief of the evidence was filed, but the following order was taken: "The defendant having made a motion for a new trial in said case, on the grounds herein stated, and said grounds having been approved by the court, and it appearing that it is impossible to make out and complete a brief of the testimony in said case before adjournment of court, it is ordered by the court that said motion be heard and determined on the 17th day of May, 1910, in vacation, at Nashville, and that movant may amend said motion at any time before the final hearing, and if not heard then to go over to regular term."  It will be noticed that, while this order purports to extend the time within which amendments may be made to the motion itself, it does not extend the time for the filing or presenting of the brief of the evidence.  On the 17th of May, and from time to time thereafter, orders were taken extending the time of hearing, and in some of the orders, if not all of them, the right to file a brief of the evidence was preserved; that is to say, preserved so far as it was in the power of the court then to preserve it.  Finally the matter came on for hearing on the 5th of September, 1910.  The

movant then presented a brief of the evidence. The court held that it was too late to file it, and dismissed the motion.

The case seems to be controlled by the decisions of the Supreme Court in the cases of *Pinnebad* v. *Pinnebad*, 129 *Ga.* 267 (58 S. E. 879), *Barnes* v. *Macon R. Co.*, 105 *Ga.* 495 (30 S. E. 883), and *Cohen* v. *Lester*, 103 *Ga.* 565 (29 S. E. 823). It is true that the present order is somewhat equivocal, in that it recites as one of the reasons for continuing the hearing from the first term that "it is impossible to make out and complete a brief of the testimony in said case before adjournment of court;" but the cases just cited all go to the extent of holding that where the order is equivocal, the construction placed thereon by the trial judge who granted the order will be adopted by the reviewing court. It takes no special order to allow the movant to amend his original motion for new trial. The right of amendment seems to exist at all times, until the motion is finally disposed of; but the right to file a brief of the evidence stands upon a very different footing. Under the Civil Code (1910), § 6089, it seems that, if the motion and the brief of the evidence are filed during the term, either of them may be amended thereafter, and that the judge may enter his approval upon the brief of the evidence at any subsequent time, either in term time or in vacation, when the matter lawfully comes before him for hearing.            *Judgment affirmed.*