### 4133. BEAGLES *v.* AUGUSTA RAILWAY & ELECTRIC CO.

HILL, C. J. A motion for a new trial was timely filed during the term at which the trial was had, and a hearing thereon was fixed for a day in vacation, and when the motion was filed an order was granted giving the movant until the hearing of the motion, whether it should take place on the day set in the order or at some subsequent date, in which to prepare and present for approval a brief of the evidence; and on the day fixed by the original order the hearing of the motion was continued by an order to another date, "under all the terms, rights, and privileges contained in the said original order," and òn the latter date the hearing of the motion was again postponed to a later date, "under all the terms, rights, and privileges contained in the said original order." *Held:*

1. On the dates to which the hearing of the motion had been postponed the presiding judge had full jurisdiction of the motion and full discretionary power to continue the hearing of the motion from time to time, and there was no error nor abuse of his discretion in refusing to sustain a motion to dismiss the motion for a new trial on the ground that no brief of the evidence had been presented on the day set for the approval of the court.

2. Whether the movant was guilty of laches in preparing and presenting for the approval of the court a brief of the evidence by the time fixed in the last order for the hearing of the motion for a new trial was a matter to be determined by the trial judge. *James* v. *John Flannery Co.,* 6 *Ga. App.* 810 (66 S. E. 153), and citations; *Ward* v. *Ward,* 134 *Ga.* 714 (68 S. E. 478), and citations. *Judgment affirmed.*

DECIDED JULY 23, 1912.

Action for damages; from city court of Richmond county—Judge W. F. Eve. March 20, 1912.

*Isaac S. Peebles Jr., Thomas J. Harrison,* for plaintiff.

*Boykin Wright, George T. Jackson,* for defendant.

---

### 4138. HENDERSON *et al. v.* HOLCOMB.

HILL, C. J. Suit upon a promissory note executed by two as joint and several makers was brought by the payee against one of the makers alone, and the court dismissed the suit, because the other maker was not also made a party defendant. *Held,* error. The maker sued was not deprived of any right of defense against the plaintiff, or of eventual contribution from his co-maker, by the fact of the separate suit. The holder of the note could sue one or both of the makers.

*Judgment reversed.*

DECIDED JULY 23, 1912.

Complaint; from city court of Dublin—Judge H. R. Daniel presiding. March 14, 1912.

*Davis & Barrett, S. W. Evans,* for plaintiffs.