## 5590. WARREN *et al. v.* SLATON, Governor.

1. Under section 962 of the Penal Code, which requires that on the forfeiture of a bond the clerk shall issue a scire facias, returnable to the next term of the court, and that it "shall be served at least twenty days before the return term thereof," a scire facias directing the defendants to appear at a term to be held in less than twenty days from the date of the forfeiture was not legally returned, and the court to which it was returned could not amend it so as to make it returnable to a different term.

2. The jurisdiction of the county court being limited to $100 at a monthly term, to which a scire facias on the forfeiture of a bond for $200 was made returnable, the court at a quarterly term, which had jurisdiction of the subject-matter, could not allow the rule nisi to be amended so as to make it returnable to the quarterly term.

DECIDED JULY 7, 1914.

Appeal—forfeiture of bond; from Baldwin superior court—Judge Park. January 12, 1914.

Henry Warren Jr., having been convicted in the county court of Baldwin county of the offense of larceny from the house, executed a certiorari bond in the sum of $200, with Emmett L. Barnes as security. A scire facias on the forfeiture of the bond was issued by the clerk of the county court on July 11, 1913, and on the same day was served on Barnes, the security. The scire facias stated that the defendants were required to appear "at the next term of the county court, to be held in and for said county on the 4th Monday in July next, to show cause," etc. The judge of the county court passed an order at the September quarterly term, 1913, as follows: "It appearing to the court that the process in the above case is returnable to the July term of said court, and that, the amount of the bond being $200, the monthly term of this court has no jurisdiction, ordered that the process be amended by making the same returnable to the September quarterly term of this court." On appeal, a motion to strike this order and "to dismiss the rule nisi and forfeiture proceeding" was made in the superior court when the case was called for trial, it being contended "that the same is contrary to law, in that the rule nisi was made returnable to the monthly term of the county court, and that this court was without jurisdiction to forfeit said bond, and that said court was without jurisdiction to allow said amendment, making the proceeding that was returnable to the monthly term returnable to the quarterly term of the county court." This motion was overruled.

The court then sustained a motion to strike the plea and answer, and entered a judgment forfeiting the bond. This judgment and the antecedent rulings are assigned as error.

In the plea of Barnes, which the court struck, it is alleged, that the bond was conditioned on the appearance of the defendant Warren at the January term of Baldwin superior court; that he was present at that term; and that the case was finally determined at that term; that after the case was finally determined, Warren carried it to the "Supreme Court," but that Barnes "did not enter upon a recognizance conditioned upon the outcome of said proceeding," and his liability ceased upon the defendant's appearance at the superior court, at the January term, 1913.

*Sibley & Sibley,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general,* contra.

ROAN, J. The bond was forfeited by the county court on July 11, 1913, and the scire facias was issued by the clerk and served on the security on the bond on the same date, returnable "on the fourth Monday in July next." Section 962 of the Penal Code reads as follows: "The clerk shall issue a scire facias on all forfeited bonds, recognizances, or other obligations, returnable to the next term of such court, against the principal and his sureties, which shall be served by the sheriff or his deputy, at least twenty days before the return thereof, or, if the party resides out of the county or State, scire facias may be served by publication, as in cases of scire facias to revive judgment. And if, at such return term, no sufficient cause be shown to the contrary, judgment, on motion, shall be entered against such principal and sureties, or such of them as have been served." Under this section, it was clearly the duty of the clerk to make the scire facias returnable to the next term of the court that would convene at such time as to permit service thereof at least twenty days before the term. It is to be noted that from the date of the forfeiture of the bond on July 11, 1913, to the sitting of the court on July 28, 1913 (when the defendant appeared and pleaded), only seventeen days had elapsed; and as this scire facias was not made returnable to the next term of the court, but was returned to a term of the court which convened less than twenty days from the date of the forfeiture of the bond, it was not legally returned, and the court to which it had been thus illegally returned had no power to change the paper by ordering that it be made returnable to a time or place different from

that expressed in the rule nisi, but another or new scire facias should have been issued. See *Wright* v. *State,* 51 *Ga.* 524; *Bird* v. *Terrell,* 128 *Ga.* 386 (57 S. E. 777).

As the bond was for $200, and the jurisdiction of the monthly term of the county court, to which the proceeding was made returnable, was limited to amounts not exceeding $100, the county court at that term was without jurisdiction of the subject-matter; and it was contrary to law for the court at a quarterly term (which had jurisdiction of the subject-matter) to allow the process or rule nisi to be amended so as to make the case returnable to the quarterly term. The court to which the rule nisi was made returnable in the first instance being without jurisdiction of the subject-matter, it was without jurisdiction to order any amendment or other alteration in the pleadings, which would serve to vitalize them into proper pleadings in a court that did have jurisdiction, so as to allow judgment absolute to be taken at the same term of the court when the amendment was allowed.

This was an effort to forfeit a bond given in order to certiorari a case to the superior court from a verdict of conviction in the county court, the condition of the bond being to appear at the county court, at the proper time, "to abide the final order, judgment, or sentence of the superior court in and for said county, in the certiorari" filed in this case. When the certiorari was overruled, the defendant (the principal in the certiorari bond) brought the case to the Court of Appeals, and the judgment of the lower court was affirmed. The judgment of the Court of Appeals having been by proper order made the judgment of the lower court, an effort to forfeit the certiorari bond was then made in the county court. The case was taken to the superior court by appeal, and a judgment of forfeiture was entered in that court. This judgment is assigned as error. As the case must be sent back for another hearing, for reasons hereinbefore stated, should it appear by proper proof on the next hearing of the case that the defendant gave a supersedeas bond when the case was taken from the superior court to the Court of Appeals, then that supersedeas bond would in effect have transferred the custody of the prisoner from his bail on the certiorari bond to his bail on the supersedeas bond, and there would be left no liability on the certiorari bond, and it would be illegal to forfeit it. See *Smith* v. *Craig,* 59 *Ga.* 883.

*Judgment reversed.*