## 7868. MOORE v. CITIZENS BANK OF ASHBURN.

Where a suit was filed, returnable to the quarterly term of a city court, and during the term at which a verdict thereon was rendered a motion for a new trial was made, and the order of the judge set a day for its hearing in vacation, and provided that if the motion should not then be heard, it should be heard at such time in vacation as counsel might agree upon, and, upon failure to agree, then at such time and place as the presiding judge might fix on the application of either party, of which time and place the opposite party should have at least five days' notice; and that if, for any reason, the motion should not be heard and determined before the beginning of the next term of the court, then it should stand on the docket until heard and determined at that term or thereafter; and where, without fault of the movant, it was not heard at the date fixed in vacation, nor at the next succeeding quarterly term of the court, the motion thereupon went over, by operation of law, to the following quarterly term, and was not subject to be called up without notice at an intervening monthly term, and then dismissed on the grounds that no brief of evidence had been filed and there was no appearance for the movant.

DECIDED MARCH 20, 1917.

Motion for a new trial; from city court of Ashburn—Judge Tipton. August 21, 1916.

Mrs. A. M. Moore filed, in the city court of Ashburn, a suit against the Citizens Bank of Ashburn, returnable to the April quarterly term, 1914, of the court, in which she sought to recover on an account the sum of $1,275, besides interests and costs. At the appearance term the defendant filed an answer, and at the April quarterly term, 1916, on April 17, the case was tried and a

verdict was returned in favor of the defendant, upon which judgment was duly entered. The plaintiff, before the adjournment of the court, filed a motion for a new trial on the general grounds; and on the presentation of the motion the trial judge passed the usual orders, directing that the defendant show cause before him in vacation at Ashburn, Georgia, at ten o'clock a. m., on the third Monday in June, 1916, why the motion should not be granted, and that the motion be heard and determined at that time and place. One of the orders then granted provided, among other things, as follows: "If, for any reason, said motion is not heard and determined at the time and place above fixed, it is ordered that the same shall be heard and determined at such time and place in vacation as counsel may agree upon, and, upon failure to agree, then at such time and place as the presiding judge may fix, on the application of either party, of which time and place the opposite party shall have at least five days' notice. If, for any reason, this motion is not heard and determined before the beginning of the next term of this court, then the same shall stand on the docket until heard and determined at said term, or thereafter." It appears that prior to the date set for the hearing of the motion, the movant's counsel, having been unable to secure a transcript of the evidence and charge of the court in time to prepare and present for approval a brief of the evidence by the third Monday in June, 1916, wrote to the judge a letter, requesting a postponement of the hearing. On June 19, 1916, the judge, in response to the letter, wired counsel for the plaintiff that the motion would be continued until "the next term," unless an earlier date should be agreed upon. However, there was no formal order continuing the hearing. The next quarterly term of the court convened on the third Monday in July, 1916, but no action in reference to the motion was taken at that time. On August 21, 1916, during the regular monthly term of the court, counsel for the defendant moved to dismiss the motion for a new trial, because no brief of evidence had been filed and there was no appearance for the movant. It does not appear that counsel had made any agreement that the motion for a new trial should be heard and determined on that date, or that there had been any previous order fixing August 21, 1916, as the date for the hearing, and no notice had been given counsel for the movant that the motion would be called up at that

time. The motion to dismiss was sustained, and an order was granted accordingly.

The act approved August 21, 1906, creating the city court of Ashburn, provided as follows: "The regular terms of said city court of Ashburn shall be held monthly and quarterly at such time as the judge of said court may designate by publication of an order fixing the date for said terms, and at the monthly terms of said city court such matters may be disposed of as do not require a jury and the amount does not exceed five hundred dollars." Georgia Laws, 1906, p. 152. By an amendment to this act, approved August 3, 1916, although the distinction between the monthly and the quarterly terms was preserved, the provision limiting the jurisdiction of monthly terms to amounts of $500 was stricken, so that the act as amended provides that "the regular terms of said city court of Ashburn shall be held monthly and quarterly at such times as the judge of said court may designate by publication of an order fixing the date for said terms, and at the monthly terms of said city court such matters may be disposed of as do not require a jury." Appended to the certificate of the trial judge appears the following note by him: "Aug. 21, 1916, was a regular term of court. During my tenure, motions for new trial, without regard to amount, have always stood for hearing at 'the next term' after the date first fixed, without regard to whether it was quarterly or monthly."

*E. K. Wilcox, A. S. Bussey,* for plaintiff.

*J. H. Pate, J. A. Comer,* for defendant.

JENKINS, J. (After stating the foregoing facts.) Under the terms of the trial judge's order, the motion for a new trial not having been heard on the date set therefor in vacation, and no further order thereon being taken, it stood for hearing in term time; and, not being heard at the succeeding July quarterly term of the court, it thereupon went over to the next term. Civil Code of 1910, § 6090; *Atlanta, Knoxville & Northern Ry. Co.* v. *Strickland,* 114 Ga. 998 (41 S. E. 501); *Holtzendorff* v. *Dillard,* 136 Ga. 241 (71 S. E. 132); *Phœnix Bank* v. *Shirling,* 146 Ga. 163 (91 S. E. 23). Whether the "next term" must be taken to mean the next succeeding monthly term, or the following quarterly term, is the only question which the record presents for determination. If the former construction be correct, then the action taken in calling up

and dismissing the motion was legal and proper; but if, when the motion was·not heard at the July quarterly term, it went over by operation of law to the next succeeding quarterly term of said court, the judge would not have authority at an intervening monthly term to call up the motion without notice and dismiss it. The petition was filed to the quarterly term of the city court of Ashburn and was tried before a jury therein. The amendatory act, approved August 3, 1916, does not abolish the distinction between the quarterly and the monthly terms, but only gives the same jurisdiction as to amount at each, and provides that the quarterly terms shall have exclusive jurisdiction in jury cases. The case with which we are dealing must have been properly entered upon the trial docket of the quarterly term, and the motion so entered upon its motion docket. The legal effect of the order originally setting the motion down for hearing at a date fixed in vacation was, relatively to this case, a continuation of the quarterly term until that time. *Herz* v. *Frank,* 104 *Ga.* 638 (30 S. E. 797); *Atlanta, Knoxville & Northern Ry. Co.* v. *Strickland,* supra; *Cole* v. *Illinois Sewing Machine Co.,* 7 *Ga. App.* 338 (2) (66 S. E. 979). The motion not being then heard, and no additional order being taken, jurisdiction was not lost, but was postponed to term time. *Helmly* v. *Davis,* 111 *Ga.* 860 (36 S. E. 927). This term time would seem to be such term as has jurisdiction of the case. *Warren* v. *Slaton,* 14 *Ga. App.* 734 (2) (82 S. E. 307). The case having been filed, docketed, and tried before a jury at the quarterly term, its status as a quarterly-term case thus became fixed, and the fact that the motion in said case was a matter for the judge to hear could not give jurisdiction to the monthly term. While, under the proper order, it might have been heard in vacation, yet if term time be relied upon for jurisdiction, then only term time during which jurisdiction to try the case would be had would suffice. Nor do we think that the custom theretofore followed by the trial judge, as evidenced by the note to his certificate, would alter the rule. Of his purpose to act with perfect fairness it is indisputable proof; but if we be correct in our interpretation of the law, and the movant was injured by failing to receive the benefit of a substantial right which by law was allowed her, then custom must give way thereto. *Walton* v. *William Hester Marble Co.,* 17 *Ga. App.* 75 (86 S. E. 279).

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*