23074. JONES *v.* WINN-LOVETT GROCERY COMPANY.

DECIDED AUGUST 2, 1933.

*Ben C. Williford,* for plaintiff. *Hooper & Hooper,* for defendant.

GUERRY, J. A motion for new trial was made on September 22, 1932. A rule nisi was issued requiring the plaintiff to show cause on the 3d day of November, 1932, why the motion should not be granted. It contained this language: "Let this order act as a supersedeas until further order of the court. In the meantime and until the final hearing of said motion, whenever the same may be had, movant is allowed to amend and perfect the motion, and to prepare and present for approval, and file, the brief of evidence in said case." On November 3 counsel for both parties appeared at the hearing. The judge had only a few minutes, as he desired to attend a funeral, and counsel for both parties then, in that state of the record, presented their views or arguments relative to the motion, with the understanding that briefs would be filed later. Counsel for the movant desired to look over the brief of evidence and "took away the papers for that purpose," and the attorney for the respondent made no objection thereto. The brief of evidence was not approved at this time; but on January 12 the brief of evidence was approved and the amended motion was presented and allowed

and ordered filed and additional briefs of law were submitted to the court. Without notice to the movant, on November 6 counsel for the respondent made an oral motion to dismiss the motion for a new trial on the ground that no brief of evidence had been filed. No ruling was had and the matter was not urged on January 12. The court took the matter under advisement and rendered its judgment granting a new trial January 28. On that date (and before the new trial was granted) counsel for respondent filed a written motion to dismiss the motion for a new trial, on the ground that no brief of evidence had been filed and no order had been passed continuing the hearing to a later date. This motion to dismiss was overruled and the motion for a new trial granted, and the respondent excepted. Objection was also made that the court's order approving and ordering filed the brief of evidence was a nunc pro tunc order passed February 9. The bill of exceptions was presented February 14, 1933.

A nunc pro tunc order approving and ordering filed a brief of evidence in a motion for new trial (such brief having previously been approved by the court), passed before the presenting and signing of a bill of exceptions taken in the matter, is proper and prevents a dismissal of the motion for new trial. The brief was approved on January 12, 1933, but did not show the date of the approval; and on February 9, 1933, the court passed a nunc pro tunc order as of January 12, 1933, approving and ordering filed the brief of evidence which had been approved by the court on January 12, 1933, but which did not show the date of such approval.

■ Under the terms of the order setting the motion for new trial to be heard in this case, it was not error to refuse to dismiss the motion for failure to file a brief of evidence at the original time and place. Under the facts as set forth above, the hearing on November 3 was not a final hearing. The court continued to have the matter under advisement, and accepted and considered on January 12 briefs of law from both parties thereto and continued to keep the matter under consideration until January 28, at which time a final order was passed. "A motion for new trial does not become 'functus officio' because it was not heard on the day named in the rule nisi, or because no brief of evidence was then tendered for approval or because no order was taken continuing the hearing. . . It follows that the court did not err . . in over-

ruling the motion to dismiss the motion for new trial." *Brinn* v. *Mason*, 147 *Ga.* 471 (94 S. E. 563) ; *Security Insurance Co.* v. *Jackson*, 171 *Ga.* 891, 895 (157 S. E. 93) ; *Phœnix Bank* v. *Shirling*, 146 *Ga.* 163 (91 S. E. 23). The trial judge so considered the order passed in this case; and even if it were ambiguous, which it is not, the construction placed on it by the trial judge will be adopted by this court. *Albritton* v. *Tygart*, 9 *Ga. App.* 361 (71 S. E. 512) ; *Brown* v. *Richards*, 114 *Ga.* 318 (40 S. E. 224) ; *Pinnebad* v. *Pinnebad*, 129 *Ga.* 267 (58 S. E. 879). No question is raised in this case as to whether the day set or the day of the final hearing was in term time or in vacation. *Blakely Hardwood Lumber Co.* v. *Reynolds Lumber Co.*, 173 *Ga.* 602 (160 S. E. 775). A brief of evidence is a necessary part of a motion for a new trial and is essential to its life. Without it, the motion never becomes a living thing. The date of its birth is governed by the order of the court that bears it. It was fixed in this case at November 3, or an indeterminate time "before the final hearing." The approval of the trial judge (also of the counsel for respondent) and the ordering the same to be filed made the brief of evidence become a part of the living motion. The court did not err in overruling the written motion to dismiss which itself was filed on January 28, nor will this court review the first grant of a new trial unless the verdict rendered was demanded. We can not say that the verdict rendered in this case was demanded.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*