### 33475. WILSON *et al. v.* GUNDY *et al.*

TOWNSEND, J. 1.. Where an order is taken in term time to hear a motion for a new trial in vacation, and such order limits the time for presenting the brief of evidence to such date, upon failure of the movant to meet the terms of the order, the trial court must, on motion, dismiss the motion for a new trial. Code, § 70-302; *Cohen & Co.* v. *Lester,* 103 *Ga.* 565 (29 S. E. 823); *Woolf* v. *State,* 104 *Ga.* 536 (30 S. E. 796); *Edmonds* v. *State,* 122 *Ga.* 728 (50 S. E. 936); *Hyatt* v. *Cowan & Co.,* 115 *Ga.* 608 (41 S. E. 985). And if no time is set by the court for the perfection of the motion and the statutory time elapses without presentation of a brief of the evidence, the court should dismiss the motion. *West* v. *Smith,* 90 *Ga.* 284 (15 S. E. 912); *Taliaferro* v. *Columbus R. Co.,* 130 *Ga.* 570 (61 S. E. 228).

2. Where the motion for a new trial is not heard on the date set in vacation, but the original order of court setting it for that date contains the provision that the movant "has until the final hearing of the motion to prepare and present for approval of the court a brief of the evidence" or other like words, the motion for a new trial will go over until the next term of court, and from term to term thereafter until called up for hearing, unless it is made to appear that the failure to hear such motion was due to laches on the part of the movant. *McWane Cast Iron Pipe Co.* v. *Barrett,* 72 *Ga. App.* 161 (33 S. E. 2d,

528); *Ward* v. *Ward,* 134 *Ga.* 714 (68 S. E. 478); *Maynard* v. *Head,* 78 *Ga.* 190 (1 S. E. 273); *Shockley* v. *Turnell & Bearden,* 114 *Ga.* 378, 381 (40 S. E. 279).

3. An order merely continuing a motion for a new trial to a future date without any words of limitation does not abridge the right given the movant in the first instance to have "until the final hearing" in which to file a brief of the evidence, nor is the vitality of the first order destroyed because the *hearing* is continued to a later date. If the court wishes to limit the time in which the movant may perfect the motion and present a brief of the evidence, he should do so by appropriate provision in the first or any subsequent order relating to this subject. *James* v. *John Flannery Co.,* 6 *Ga. App.* 811, 815 (66 S. E. 153).

4. Accordingly, where, as here, an order in term time set a motion for a new trial for hearing in vacation, which order gave to the movant the right to have until the final hearing to prepare and present for approval a brief of the evidence, and the order further specified that if for any reason the motion for a new trial was not heard at the time set therein, it might be heard by consent of the parties or upon five days' notice of the time fixed by the presiding judge on application of the opposite party, and that if the motion was not heard before the beginning of the next regular term of court it should stand on the docket until heard and determined at said term or thereafter, and where the motion was not heard on either of the dates set in vacation, and was not heard by consent, nor any time for said hearing fixed by the trial judge after the last date set in vacation (September 2, 1950) nor was the motion for a new trial ever called up for hearing in its regular order in term, and where it does not appear from the record that the failure to hear the motion was due to the laches of the movant, the trial court properly overruled a motion to dismiss the motion for a new trial, filed during a subsequent term but before the motion for a new trial was called up for hearing.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*

DECIDED MARCH 16, 1951.

*John T. Ferguson,* for plaintiffs in error.
*Briggs Carson Jr., Robert R. Forrester,* contra.