35854. WALLACE *v.* SPEED *et al.*

Decided November 23, 1955.

*Wright, Rogers, Magruder & Hoyt, Dudley B. Magruder, Jr., Robert L. Scoggin,* for plaintiff in error.

*Covington & Kilpatrick,* contra.

FELTON, C. J. ■ The plaintiff in error's contention that only the judge who tried the case could approve the brief of evidence is without merit. It was not necessary for the judge who tried the case to approve the brief of evidence where he had vacated the office and his successor had been appointed and had taken office. Code § 70-103 provides that a judge who did not try the case may decide a motion for a new trial. Code § 24-3347 provides: "If, pending the motion, the presiding judge shall die, or a vacancy otherwise occur, then his successor shall hear and determine the motion from the best evidence at his command." See also *McKendree* v. *Sikes,* 40 *Ga.* 189; *Shaffer* v. *Simmons,* 52 *Ga.* 359, 361.

■ The plaintiff in error's second contention that the motion to dismiss the motion for new trial should have been sustained because no brief of evidence was attached is without merit. The

order issuing the rule nisi on the motion for new trial set a day certain for the hearing on the motion and provided that the movants had until the final hearing of the motion, whenever that might be, to present a brief of evidence and if, for any reason, the motion was not heard and determined before the beginning of the next term of court, then the motion should stand on the docket until heard and determined at said term or thereafter. The record does not disclose that a hearing was had on the motion on the day set in the order or at any time thereafter until the hearing of May 16, 1955. When the motion was not heard on the day set in the order, it was continued from term to term by operation of law. *Wilson* v. *Van Gundy,* 83 *Ga. App.* 566 (2) (64 S. E. 2d 292). The hearing on the motion to dismiss the motion for new trial was set for definite dates and was continued from time to time. Finally, the motion to dismiss and the motion for new trial were heard together and on that day the brief of evidence was tendered and approved. At that hearing the judge overruled the motion to dismiss and granted a new trial. This was the final hearing on the motion for new trial within the meaning of the trial judge's order; therefore, the brief of evidence was presented in time. See *Holtzendorff* v. *Dillard,* 136 *Ga.* 241 (1) (71 S. E. 132); *Security Ins. Co.* v. *Jackson,* 171 *Ga.* 891 (157 S. E. 93); *Wilson* v. *Van Gundy,* supra, (3); *Trammell* v. *Matthews,* 86 *Ga. App.* 661 (1) (72 S. E. 2d 132); *Cherokee Iron Co.* v. *Barry,* 109 *Ga.* 175 (34 S. E. 280). The question of whether the movants were guilty of laches was within the sound discretion of the judge, and abuse of such discretion is not shown in this case. *Henderson* v. *Holcomb,* 11 *Ga. App.* 353 (2) (75 S. E. 268).

■ W. L. Speed defended on the ground of failure of consideration. Nila H. Speed defended on the ground that she was not a co-maker of the note but was a surety on her husband's note. A verdict was directed against both defendants. Only Nila H. Speed filed an amendment to the original motion for new trial. The judge hearing the motion, as amended, passed the following order: "The original motion for new trial, as amended, coming on to be heard, after argument of counsel, the same is hereby granted." This order had the effect of granting a new trial to both defendants. The defendant W. L. Speed failed to carry the burden of proof of failure of consideration and the evidence,

as recited in the brief of evidence, demanded a verdict for the plaintiff against W. L. Speed.

The evidence was conflicting as to whether Nila H. Speed signed the note sued on as a co-maker or a surety for her husband and a verdict was not demanded as to her. The first grant of a new trial as to Nila H. Speed will not be disturbed (*Van Giesen v. Queen Ins. Co.*, 132 *Ga.* 515 (1, 2) 64 S. E. 456) ; however, the court erred in granting a new trial to the defendant W. L. Speed.

The court did not err in overruling the motion to dismiss the motion for new trial, in overruling the objection that he could not approve the brief of evidence and in granting a new trial to the defendant Nila H. Speed.

The court erred in granting a new trial to the defendant W. L. Speed.

*Judgment affirmed in part and reversed in part. Townsend and Quillian, JJ., concur. Nichols, J., disqualified.*