## NAPIER *v.* HEILKER.

Under the facts appearing in the record, the court erred in dismissing the motion for new trial.

Submitted March 1, — Decided April 2, 1902.

Motion for new trial.    Before Judge Felton.    Bibb superior court.    June 25, 1901.

*Arthur L. Dasher* and *B. J. Dasher*, for plaintiff.
*Steed & Ryals*, for defendant.

COBB, J.    At the November term, 1900, of the superior court of Bibb county, the case of Napier *v.* Heilker came on to be tried, and resulted in a verdict in favor of the defendant.    On December 8, 1900, during the term at which the verdict was rendered, the plaintiff filed a motion for a new trial, and a rule nisi was issued thereon, requiring the defendant to show cause "in the superior court of Bibb county" on December 19, 1900, why the motion should not be granted; and it was therein ordered "that movant have till said hearing to present to the court for approval a brief of the evidence in said case."    On December 19, 1900, the court passed an order which, after reciting that the motion had been by previous order set for a hearing on that day, and sufficient cause shown for a postponement, provided that the hearing be postponed and the motion set for a hearing on the "27th day of December at Bibb superior court room," and it was further ordered "that movant have until said hearing" to present to the court for approval a brief of the evidence.    The bill of exceptions recites that "on December 27th, attorneys for both parties being present, the hearing of said motion for new trial was again passed, because the stenographer had not furnished his report of the evidence, on motion of attorney for plaintiff, to some convenient time, which would be agreed upon by the court and counsel."    It does not appear that any written order was passed on this day postponing the hearing of the motion.    It appears that on the 29th day of June, 1901, the motion for new trial came on for a hearing.    Defendant's attorney moved to dismiss the motion for new trial, on the ground that a brief of the evidence had not been filed as required by law, which motion was granted by the court.    Plaintiff tendered a brief of the evidence, at the hearing on the 29th day of June, 1901, and asked leave to file the same,

which was objected to by defendant's counsel, and a motion made by defendant's counsel to dismiss the motion because the brief of evidence had not been filed according to law. The court sustained the motion to dismiss the motion for a new trial, and this judgment is assigned as error. The order dismissing the motion for a new trial recites that no brief of evidence was filed by the 19th day of December, 1900, or by the 27th day of December, 1900, or presented to the court on those dates, as required by the orders of the court, and no brief of evidence had been filed prior to the 29th of June, 1901, though on that day what purported to be a brief of the evidence in the case was tendered to the court. It does not appear from the record or the bill of exceptions whether the 29th of June, 1901, was in vacation or during term time. Neither does it distinctly appear whether the 19th and the 27th of December, 1900, were in term time or in vacation. The rule nisi being returnable on the 19th day of December, "in the superior court of Bibb county," would seem to indicate that it was anticipated, at the time of the passage of that order, that that day would be in term. The language of the order passed December 19, which fixed the 27th of December as the time for the hearing of the motion, which was to be had at "Bibb superior court room," would indicate that that day would not be in term; for, if in term, it would have been unnecessary to fix the place at which the hearing was to be had. The times fixed by law for the sessions of Bibb superior court to begin are the third Monday in April and the first Monday in November, and that court may sit continuously from the beginning of one term until within five days of the beginning of the next. Civil Code, § 4346. The three dates involved in the present case may each have been in term. On the other hand, all of them may have been in vacation. Suppose the case be treated as if all of these dates were in term, what is the result?

On the 27th day of December, 1900, when the motion for a new trial came on for a hearing, the motion was not heard and no order was passed continuing the hearing. The court had complete control of the motion at any time during the term; and if the court adjourned without further action in the matter, the motion would go over to the next term of the court and stand upon the docket to be disposed of at that term, or any subsequent term, whenever the motion was called for a hearing. This being true, if the 29th

of June was during the April term, 1901, when the motion was called for a hearing on that date the court had absolute control of the same, and could allow amendments to be made thereto by the addition of other grounds, or permit the motion to be perfected by filing a brief of the evidence, or dispose of the same in exactly the same manner in which it could have been disposed of if the motion had been called for a hearing during the term at which the trial was had. The fact that the orders passed at the preceding term of the court had fixed the time during that term for the presentation of a brief of the evidence for approval would not deprive the court of the power to allow a brief of evidence to be filed at a subsequent term. If for any reason a correct brief of the evidence could not be then had, of course the court could refuse to approve it, if it did not come up to the requirements of the law; but the orders passed at the previous term, fixing dates from time to time for a hearing of the motion, would not deprive the court of the power to allow a brief of the evidence to be filed at a subsequent term, if a correct brief could be then obtained; and if an incorrect brief was then tendered, the judge had power in his discretion to allow a reasonable time for the movant to have the brief made correct. If the 29th of June, 1901, was during term, the court had authority in its discretion to allow the brief of evidence to be filed. It appearing from the record that the judge dismissed the motion really upon the ground that in his opinion he had no authority to approve the brief of evidence at this time, and that he exercised no discretion in reference to the matter, if the dates above referred to were in term time, the judgment dismissing the motion for a new trial was erroneous. *Atlanta, Knoxville & Northern Railway Co.* v. *Strickland*, 114 *Ga.* 998; *Shockley* v. *Turnell*, 114 *Ga.* 378; *Central Railroad Co.* v. *Pool*, 95 *Ga.* 410.

If the 29th of June, 1901, was in term, and the 19th and 27th of December, 1900, were in vacation, then the result would be the same, for the reason that, there being no written order to continue the hearing of the motion on December 27th, the motion went over into the next term of the court and at that term stood for a hearing just as if no order had been passed at the previous term or during the vacation following that term. Civil Code, § 5485; *Atlanta, Knoxville & Northern Ry. Co.* v. *Strickland, Central Railroad Co.* v. *Pool*, supra. If the 29th of June was itself in the vaca-

tion following the April term, 1901, of the court, the court erred in dismissing the motion for a new trial, for the reason that it had no jurisdiction during that vacation to deal with the motion at all. Whether the 27th of December, 1900, was in term or vacation, the failure to take any action on the motion on that day carried the motion into the next term of the court, and having gone back into term, it could not be disposed of in vacation, unless an order in term had been taken allowing that to be done, or unless the hearing was had under the provisions of the Civil Code, §§ 4323−4324, authorizing motions for new trials to be taken up in vacation after notice.    It does not appear from the record either that there was any order passed at the April term, 1901, authorizing a hearing of the motion at the following vacation, or that the motion was brought to a hearing after the notice required by the code.    Under such circumstances, if the 29th of June was during vacation, the court had no jurisdiction in the matter, and the order dismissing the motion for a new trial was a nullity.    If that date was in term time, the judge had a discretion to allow the brief of evidence to be filed at that date; but not having exercised any discretion in the matter, and having held in effect that his authority to approve the brief of evidence was controlled by the provisions of the previous orders of the court, the judgment dismissing the motion for a new trial was erroneous.    In any view of the case, the judge erred in dismissing the motion for a new trial.

*Judgment reversed.   All the Justices concurring, except Little and Lewis, JJ., absent.*