## NORRED *v.* THE STATE.

ATKINSON, J. 1. Whether a brief of evidence in a case is a proper brief is a question to be determined primarily by the trial judge; and when the trial judge refuses to approve a brief of evidence, upon the ground that the stenographic report of the evidence was not "briefed as required by law," but was "presented in a very contradictory and confused condition," and that certain documentary evidence introduced was neither copied nor briefed therein, this court will not reverse a judgment dismissing the motion for new trial on account of the failure to present a proper brief of the evidence as required by law, unless it can be made to appear that the evidence was reduced to a brief as required by law, and was not presented in a confused condition, and that the omitted evidence was immaterial.

2. In the present case the documentary evidence claimed to have been omitted does not appear in the record or bill of exceptions; and it can not be determined by this court that it was not material. The fact that the judge refused to approve the brief, on the ground that the documentary evidence was not included therein, was a finding by him that it was material and should have been embraced therein; and this court, in the condition in which the record appears, can not say that the judge erroneously held such evidence to be material.

:3. If one who makes a motion for a new trial in due and seasonable time presents a brief of the evidence, evincing a fair and bona fide effort to comply with the law, but which is imperfect or incorrect in certain particulars, the proper practice is not to dismiss the motion for, new trial at once because of such imperfections, but to allow a reasonable opportunity to correct them. If the movant fails or refuses to do so, the motion may be dismissed.

·4. Had the bill of exceptions made the specific point that the movant was not allowed an opportunity to correct the brief presented, a different question from that actually before us would have been made. The bill of exceptions recites that the presiding judge refused to approve the brief and dismissed the motion for a new trial, "to which said order the defendant excepted, and now assigns the same as error;" and it assigns error because it was the duty of the presiding judge to approve the brief of evidence and to grant a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Argued December 17, 1906.—Decided January 17, 1907.

Motion for new trial. Before Judge Hodnett. City court of ·Carrollton. October 24, 1906.

The grounds of the motion for a new trial were approved by the presiding judge on September 4, 1906, and it was ordered that the State show cause on October 16, 1906, why a new trial should not be granted, and that the movant have until that day to prepare and ·file an amended motion for a new trial, together with a brief of ·evidence in the case. On October 16 a brief of the evidence, as prepared by the court stenographer, in narrative form, was filed, but was not approved by the court. The hearing of the motion was not had on the day appointed, but the court entered upon the motion the following: "The foregoing motion for a new trial is hereby ·continued until the 24th inst., and the movant is hereby given until the 24th inst. to perfect his brief of evidence and amend his motion, the same to be approved and allowed on said 24th inst.; and all of the rights that the parties have to-day are hereby preserved and continued until the hearing on said 24th inst." At the time last mentioned the court passed the following order: "The foregoing motion having been submitted to me with the understanding that I pass on the brief of the evidence and the motion without hearing from counsel, and it appearing that the stenographic report was filed and that it had not been 'briefed' as required by law, but is presented in a very contradictory and confused condition, and the mortgage note that was put in evidence is not copied or 'briefed' ·therein, it is therefore ordered and adjudged that said motion for

a new trial be and the same is hereby dismissed on account of the failure to present a proper brief of the evidence as required by law." To this judgment the movant excepted.

*Beall & Adamson* and *J. O. Newell,* for plaintiff in error.

*C. E. Roop,* solicitor, *W. F. Brown, Hamrick & Smith,* contra.