## PHŒNIX BANK *v.* SHIRLING.

ATKINSON, J.  A motion for new trial was made during the term at which the verdict was rendered, and a rule nisi was issued, returnable at a named time and place in vacation.  At the same time a separate order was passed, providing:  "If for any reason said motion is not heard and determined at the time and place above fixed, it is ordered that the same shall be heard and determined at such time and place in vacation as counsel may agree upon, or at such time and place as the presiding judge may fix on the application of either party, of which time and place the opposite party shall have at least five days notice.  If for any reason this motion is not heard and determined before the beginning of the next term of this court, then the same shall stand on the docket until heard and determined at said term thereafter.  It is further ordered that the movant have until the hearing, whenever it may be, if stenographic report is used, but if not used therein ten days from date, to prepare and present for approval a brief of the evidence in said case, and the presiding ·judge may enter his approval thereon at any time, either in term or vacation; and if the hearing of the motion shall be in vacation, and the brief of evidence has not been filed in the clerk's office before the date of the hearing, said brief of evidence may be filed in the clerk's office åt any time within ten days after the motion is heard and determined."  At the time designated in the order nisi for the hearing of the motion the stenographer had not completed his report of the evidence, and "the hearing of the motion was continued," by consent, until another date in vacation, without any written order therefor.  On the morning of the last-named date the movant did not appear or present a brief of evidence for approval.  The respondent was present, and moved that the court dismiss the motion for new trial, on the ground that the movant had failed to prosecute his motion and to present a brief of the evidence for approval.  The court declined then to entertain the motion to dismiss; but at one o'clock, at the close of the morning chambers, the motion to dismiss was renewed, and the following order was duly entered:  "The within motion dismissed for want of prosecution."  At half after two o'clock on the same day the attorney for the movant appeared and filed a motion, upon grounds fully set forth, to reinstate the motion for new trial, and to be allowed to present for approval his brief of evidence; counsel for the respondent having in the meantime left the court.'  Upon this last motion the judge issued a rule requiring the respondent to show cause why the motion to reinstate should not be granted.  On the hearing· at a later date, which also was in vacation, the respondent filed objections on the ground that the judge, having formally dismissed the motion for new trial, had lost jurisdiction and could not entertain the motion to reinstate.  The judge held the case up for consideration, and at a later date in vacation passed an order overruling the objections and reinstating the case; and thereafter in vacation, having approved the brief of evidence, passed an order granting a new trial.  The respondent excepted to these rulings.  *Held,* that the language in the order providing for the hearing the mo-

tion for new trial in vacation, that, if for any reason the motion should not be heard and determined at the time and place appointed, the motion "shall be heard and determined at such time and place in vacation as counsel may agree upon, or at such time and place as the presiding judge may fix on the application of either party," was insufficient to authorize the court, with the verbal consent of counsel for both parties, to fix a subsequent date in vacation for the hearing without any written order therefor. *Atlanta, Knoxville & Northern Ry. Co.* v. *Strickland*, 114 *Ga.* 998 (41 S. E. 501), and cit. In the absence of such a written order so continuing the case, the hearing went, by force of the written order and by operation of law, over to the next term. *Eady* v. *Atlantic Coast Line R. Co.*, 129 *Ga.* 363 (58 S. E. 895); *Holtzendorff* v. *Dillard*, 136 *Ga.* 241 (71 S. E. 142). It follows that the court was without jurisdiction to dismiss the motion for new trial, and that the subsequent orders reinstating the case and granting the motion for new trial were void for want of jurisdiction; but that the motion for new trial is still pending in the trial court, to be completed and determined under the original order.

*Judgment reversed. All the Justices concur.*
NOVEMBER 17, 1916.

Motion for new trial. Before Judge Littlejohn. Stewart superior court. January 20, 1916.

*Hatcher & Hatcher* and *McCutchen & Bowden,* for plaintiff.

*T. T. James* and *G. Y. Harrell,* contra.