## JACKSON *v.* HUNTER.

Where a motion for a new trial has been duly filed in term, and the judge by appropriate order names a day certain in vacation for the hearing and determination, the judge is without jurisdiction on a subsequent day in vacation, the motion not having been continued to such subsequent day by valid order, to pass an order continuing, or a judgment dismissing such motion.

(*a*) An agreement of counsel, in writing, that such motion be continued to a subsequent named day in vacation, even if sufficient to confer jurisdiction on the court during that day, will not confer such jurisdiction for a different day in vacation.

(*b*) Where through no fault of the movant a motion for new trial is not heard in vacation on the day named nor continued to a later day in vacation by a valid order, the motion stands for a hearing at the next term as if no order had been taken.

No. 2107. DECEMBER 20, 1920.

The Court of Appeals certified the following question (in Case No. 11203) : "Where during the term of court at which a case is tried a motion for new trial is made and by an order of the trial judge is set for a hearing in vacation upon a certain day, and the order of the judge provides that should the case not be heard upon the day set, it shall be set for a hearing upon such date as counsel shall agree upon, and where counsel, on the day before the date originally set for the hearing, agree in writing to set the hearing for another date in the future, and the trial judge, after receiving the agreement of counsel, amends it without counsel's knowledge or consent, by striking out the date agreed upon therein by counsel and substituting therefor a later date, and passes an order, after the date originally set in the rule nisi for a hearing of the motion, in which order he recites that counsel have agreed to the amended date, and sets the motion for a hearing in vacation upon the amended date, will the motion for a new trial, upon the arrival of the last set date, be considered coram judice, or will it be considered as coram non judice and as having, by operation of law, gone over until the subsequent term of court? The record shows that the plaintiff recovered a judgment against the defendant. The latter made a motion for

a new trial, which was by order of the court set for a hearing in vacation upon the 24th day of May, 1919, which order contained the following provision: 'If for any reason said motion is not heard and determined at the time and place above fixed, it is ordered that the same shall be heard and .determined at such time and place in vacation as counsel may agree upon, and upon failure to agree, then at such time and place as the presiding judge may fix on the application of either party, of which time and place the opposite party shall have at least five days notice.' On May 23, 1919, the day before the date set for the hearing, counsel entered into a written agreement reciting that it is agreed that the hearing be postponed until the 5th day of July, 1919. On May 27, 1919, three days after the date originally set for the hearing, the trial judge passed an order setting as the date for the hearing the 5th day of July, 1919, which was in vacation, the order reading as follows: 'It appearing that for want of sufficient time the brief of testimony cannot be presented for approval of the court, it is ordered, both parties consenting, that the motion for new trial in said case be continued until the 5th day of July, or such other time as the court may direct. This May 27th, 1919.' It appears that in the agreement of counsel as originally drawn it was agreed to postpone the hearing until June 13, 1919, and that this agreement was afterwards by some one changed by striking out the 13th day of June, 1919, and substituting therefor the 5th day of July, 1919. On July 5th, 1919, there being no appearance for the movant, the motion was, on motion of the respondent, dismissed. A levy was afterwards made, and an affidavit of illegality was interposed by the defendant. The latter contended that the order dismissing the motion for a new trial upon July 5th, 1919, in vacation, was void and beyond the jurisdiction of the court — that the motion for a new trial was coram non judice, and, under the law, had automatically been continued until the subsequent trial term. Upon a hearing the affidavit of illegality was dismissed, and the judgment dismissing it was brought to the Court of Appeals for review."

*Seabrook & Kennedy,* for plaintiff in error.

*D. H. Clark,* contra.

GILBERT, J. " The judges of the superior and city courts have power to hear and determine, in vacation as well as in term time, without any order passed in term time, all motions for new trial, certioraries, and all such other matters as they now can hear and determine in term time, and which are not referred to a jury." Civil Code, § 4852. " The hearing of all cases provided for in the preceding section shall be fixed by the judge upon the application of either party or his counsel, of which time and place the party making said application, or his attorney, shall give the opposite party or his attorney at least ten days notice in writing." Civil Code, § 4853. " Said judges can not exercise any power out of term time, except the authority is expressly granted; but they may, by order granted in term, render a judgment in vacation." Civil Code, § 4854. " Where through no fault of the movant a motion is not heard in vacation, or where a hearing is adjourned to the next term, the motion stands for hearing in term as if no order had been taken." Civil Code, § 6090. Applying the foregoing code sections to the facts stated in the question propounded by the Court of Appeals, we reply that the court was without jurisdiction on May 27th, 1919, three days subsequent to the date named in the term order for the hearing, to hear and determine the motion, and the order passed on that day providing for a hearing of the case on July 5th was a nullity. It is assumed from the question as propounded that the order of the judge was not based upon or intended to be in compliance with the provisions of the Civil Code, § 4853. The movant appearing not· to be at fault, the motion, by operation of law (Civil Code, § 6090), stood for hearing at the next term of the court, as if no order had been taken. A., K. & N. Ry. Co. v. Strickland, 114 Ga. 998 (41 S. E. 501). Where counsel, on the day previous to the date set for the hearing of the motion, agreed upon a named later date for the hearing of the motion, and the court, in vacation, on a different day from; that agreed upon by counsel, dismissed the motion on the ground that the movant failed to appear, such judgment of dismissal is void for want of jurisdiction. Even if the written agreement of counsel could operate as giving the judge jurisdiction of the motion on the date agreed upon, in no event could it so operate on a day not agreed upon

by counsel. *Phœnix Bank* v. *Shirling,* 146 *Ga.* 163 (91 S. E. 23);
*Brinn* v. *Mason,* 147 *Ga.* 471 (94 S. E. 563).

<div align="right">

*All the Justices concur.*