*William T. Dean* and *William C. Henson,* for plaintiff.

*Reuben M. Tuck* and *Eric Long,* for defendant.

---

## BOWEN *v.* BANK OF NORCROSS.

Under previous rulings properly applicable to the case, it was error to dismiss the motion for new trial.

No. 6184. May 16, 1928.

Motion for new trial. Before Judge Fortson. Milton superior court. June 6, 1927.

*H. B. Moss* and *G. B. Walker,* for plaintiff in error.

*J. P. Brooke,* contra.

Russell, C. J. A motion for new trial was made during the term at which the verdict was rendered, and a rule nisi was issued. On the same day an order was passed providing: "The claimant having made a motion for a new trial in the above-stated case, on the grounds therein stated, and it appearing that it is impossible to make out and complete a brief of the testimony in said case before adjournment of court: it is ordered by the court that said motion be heard and determined on the 9 day of April, 1927, at 11 o'clock a. m., in vacation, at Athens, Georgia, and that movant may amend said motion at any time before final hear-

ing and until the hearing. It is further ordered that the movant may have until said date to prepare and present for approval a brief of the evidence in said case, and said brief of evidence may then be filed in the clerk's office within ten days after the motion is heard and determined." At the time designated in the order for the hearing the stenographer had not completed his report of the evidence, and the hearing was continued by written order to May 14, 1927, this order providing that the "movant shall have the right to then file and present brief of evidence in said case." On May 14 the judge wrote to counsel for the respondent. a letter stating that as the brief of evidence was not completed he would continue the hearing until May 21, and requested him to notify opposing counsel. On May 21 no action was taken on the motion, and no hearing was had. On June 6, 1927, the judge passed an order dismissing the motion for a new trial, for want of prosecution. The movant excepted to this ruling, insisting "that said presiding judge had no jurisdiction of said motion to pass any kind of order on June 6th, 1927, or on any other day until the next term of Milton superior court, which will be the third Monday in August, 1927."

After the passage of the day fixed by proper written order of the court for the hearing of the motion for a new trial in vacation, the judge was without jurisdiction to dismiss the motion in vacation. In the absence of a written order continuing the case, the hearing went, by operation of law, over to the next term. *Phœnix Bank* v. *Shirling,* 146 *Ga.* 163 (91 S. E. 23), and cit. "Where by an order entered in term the hearing of a motion for a new trial is set for a particular day in vacation, that day, relatively to such motion, is, in legal contemplation, a continuation of the term at which the order was granted; and if the motion is not at the time thus fixed either heard on its merits or dismissed, it must, by express written order, be continued to some subsequent. day, or else it will go over to the next term of the court in which it was made, unless it be in the meantime disposed of under the provisions of the Civil Code," §§.4852, 4853. *Atlanta &c. Ry. Co.* v. *Strickland,* 114 *Ga.* 998 (41 S. E. 501). See *Jackson* v. *Hunter,* 150 *Ga.* 789 (105 S. E. 304) ; *Napier* v. *Heilker,* 115 *Ga.* 168 (41 S. E. 689), and cit.; *Luke* v. *Luke,* 158 *Ga.* 103 (123 S. E. 716, and cit.      *Judgment reversed. All the Justices concur.*