### FELKER v. MORROW et al.

No. 13500. FEBRUARY 13, 1941. REHEARING DENIED MARCH 19, 1941.

*J. H. Felker*, for plaintiff.

*H. C. Cox* and *Spalding, Sibley, Troutman & Brock, W. K. Meadow*, for defendants.

ATKINSON, Presiding Justice. In an ejectment suit pending in Walton superior court a verdict for the defendant was directed on August 18, during the regular August term, 1939. The plaintiff made a motion for a new trial on the general grounds. The motion was approved by the judge, filed in the office of the clerk, and service was acknowledged, all on August 28. In a contemporaneous order issued by the judge it was stated: "It appearing that it is impossible to make out and complete a brief of the testimony in said case before adjournment of court, it is ordered by the court that said motion be heard and determined on the 7th day of October, 1939, in vacation at Athens, Ga., and that the movant may amend said motion at any time before the final hearing." It was further provided in the order: (a) "If for any reason said motion is not heard and determined at the time and place above fixed, it is ordered that the same shall be heard and determined at such time and place in vacation as counsel may agree upon; and upon

failure to agree, then at such time and place as the presiding judge may fix, on the application of either party, of which time and place the opposite party shall have at least five days' notice." (b) "If for any reason this motion is not heard and determined before the beginning of the next term of this court, then the same shall stand on the docket until heard and determined at said term or thereafter." (c) "It is further ordered that the movant have until the hearing, whenever it may be, to prepare and present for approval a brief of the evidence in said case, and the presiding judge may enter his approval thereon at any time either in term or vacation; and if the hearing of the motion shall be in vacation, and the brief of evidence has not been filed in the clerk's office before the date of the hearing, said brief of evidence may be filed in the clerk's office at any time within ten days after the motion is heard and determined." On October 7, 1939, an order was passed at the judge's chambers in Athens (Clarke County), designating a future date for the hearing of the motion for a new trial, on account of failure of the reporter to furnish a transcript of the testimony, such hearing to be had at the judge's chambers in Athens. After this several similar orders were successively passed at the judge's chambers in Athens, postponing the time of hearing, all to be had at Athens. On March 30, 1940, the date appointed for one of the hearings to take place, no order extending the time for hearing was taken. But later the movant prepared and procured from the judge an order dated April 1st, postponing the hearing to be had at the judge's chambers in Athens, April 20, 1940. The opposing counsel assented to this. At the time last appointed the movant failed to appear, and no brief of evidence had been or was presented. In reliance upon the last order, the respondent's attorney appeared at the appointed time and place and moved for dismissal of the motion for a new trial, on the ground that no brief of evidence had been presented and the movant had failed to appear. The motion for a new trial was dismissed. On May 29, 1940, the plaintiff presented to the judge his petition seeking to vacate the judgment of dismissal and to reinstate the motion for a new trial, on the ground of his illness and inability to prepare a brief of evidence; and on the further ground that at the time of dismissal of the motion for a new trial, the judge was without jurisdiction, because, on failure to pass a written order March 30, extending the

time of hearing, the case automatically, by operation of the previous orders and the law, went back to the next ensuing regular term of Walton superior court, and consequently the order of dismissal was void. The defendant filed an answer. After introduction of evidence by both sides the judge denied the prayers of the petition.

■ Where the motion for new trial was not heard on March 30, 1940, as duly provided by order, and no order was taken at that time fixing a later date for the hearing, the provisions of the original term order as quoted above would have had the effect of making the motion for new trial returnable at the next term of court, in the absence of further action within the purview of such original order; but under the specific provisions of paragraph (a) thereof the hearing could be accelerated by an agreement of counsel in writing, made after March 30, fixing a new time and place for hearing in vacation, before the beginning of the ensuing term; and it appearing from the record that on written agreement of counsel the judge entered an order dated as of April 1, 1940, providing for hearing at Athens on April 20, 1940, the judge had jurisdiction to pass upon the motion at such time and place. *Eady* v. *Atlantic Coast Line Railroad Co.,* 129 *Ga.* 363 (4) (58 S. E. 895). The case differs from *Phœnix Bank* v. *Shirling,* 146 *Ga.* 163 (91 S. E. 23), where the consent of counsel and the order fixing a new date were not in writing.

■ The movant having failed to appear at the time and place last fixed for the hearing, to wit, April 20, 1940, at Athens, or to present a brief of evidence, and having shown at that time no reason or excuse for his failure to appear and prosecute the motion, the judge had jurisdiction at that time to dismiss the motion for a new trial as for want of prosecution.

■ It does not appear from the pleadings and the evidence that there was any abuse of discretion in refusing the prayers of the petition to set aside the judgment dismissing the motion for a new trial and to reinstate the case.

*Judgment affirmed. All the Justices concur.*