Darden v. McCord <em>et al.</em>

Atkinson, Presiding Justice. ■ Whether a brief of evidence is a proper brief is a question to be determined primarily by the trial judge; and when the judge refuses to approve a brief of evidence, upon the ground that certain documentary evidence was not set out with sufficient description and that the contents of the documentary evidence, which was pertinent to the issue in said matter, were omitted, this court will not reverse a judgment dismissing the motion for new trial on account of the failure to present a proper brief of the evidence as required by law, unless it can be made to appear that the omitted evidence was immaterial. *Norred* v. *State,* 127 *Ga.* 347 (1) (56 S. E. 464).

2. In the present case, as in *Norred* v. *State,* supra, the documentary evidence claimed to have been omitted does not appear in the record or bill of exceptions, and it can not be determined by this court that the trial judge erroneously held such evidence to be material.

3. The present case is distinguished by its facts from *Cannon* v. *Gaines,* 199 *Ga.* 277 (34 S. E. 2d, 103), wherein it was held that the judge erred in entering a final order disapproving the brief of evidence and denying a new trial, without first allowing the movant reasonable opportunity to correct whatever errors were in the brief of evidence as tendered for approval.

*Judgment affirmed. All the Justices concur.*

No. 16511. February 14, 1949.

*Duke Davis,* for plaintiff in error.
*Raymond W. Martin,* contra.