## SYKES *v.* COLLINS.

No. 17532. Submitted July 9, 1951—Decided September 12, 1951.

336

R. K. *Girardeau* and *C. L. Cowart*, for plaintiff.

C. O. *Purcell*, S. T. *Brewton*, and J. T. *Grice*, for defendant.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ The allegation in the cross-petition that in the audit many items showing liability of the petitioner to the defendant are left off in order to show that the defendant is indebted to the petitioner, is not subject to demurrer upon the ground that it is not shown what items are left off of the audit and the amounts thereof. The books would be the highest and best evidence. The audit was made from the books which were alleged to be in the hands of the receiver. The mere fact that the audit might differ from what was shown on the books would not control the outcome of the suit, since a recovery, if any, would be determined by the books. In the circumstances it would be unreasonable to require the defendant to point out the many alleged differences between the audit and the books. The two amendments to the cross-petition met and cured other deficiencies pointed out by the special demurrer.

■ The bill of exceptions contains the recital: "Counsel for movant presented to the court for approval a condensed and succinct brief of the evidence, which, they contended, included the substance of all the material oral testimony and documentary evidence, whereupon counsel for the defendant objected to the approval of said proffered brief of the evidence, without having examined the same, and without pointing out any defects therein, or any failure to have included therein any material portion of

the evidence in said case, and insisted that the court should approve as a brief of the evidence in said case the narrative transcript of the evidence as prepared by the court reporter, including all documentary evidence in full, without eliminating all unnecessary parts and irrelevant parts, and the court after consideration of the objections and upon the insistence of counsel for the defendant refused to approve the brief of the evidence submitted by counsel for movant, without having made any examination thereof to ascertain whether or not the same was a correct brief of the evidence."

Whether a brief of evidence is a proper brief is a question to be determined primarily by the trial judge. *Norred v. State*, 127 *Ga.* 347 (1) (56 S. E. 464); *Darden v. McCord*, 204 *Ga.* 717 (1) (51 S. E. 2d, 666). It has also been held that "the trial judge may amend a brief of evidence so as to make it speak the truth, even after it has been agreed upon by counsel, approved by the court, and filed." *Elkins v. Roberson*, 103 *Ga.* 558 (1), (29 S. E. 755). The Code, § 70-305, declares in part: "In all cases in which the testimony has been stenographically reported, the same may be reduced to narrative form, or the stenographic report may be used in whole or in part in making up the brief, with immaterial questions and answers and parts thereof stricken, so as in every case to shorten the brief, and include therein only material evidence."

There is no contention that the present brief approved by the trial court is not a correct brief of the evidence. The brief proffered by the petitioner is not included in the transcript of the record or in the bill of exceptions. Under such circumstances, it can not be held as a matter of law that the trial court erred in refusing to approve the brief of evidence that was proffered by the petitioner. See, in this connection, *Taintor v. Rogers*, 197 *Ga.* 872 (1a) 873 (30 S. E. 2d, 892), where it was held: "A complete bank record of the defendant's deposits and withdrawals covering a period of seven years, which was introduced by the plaintiff to show a coincidence of deposits with entries by the defendant into his ward's safety-deposit box, and to rebut the defendant's contentions as to the amount of his annual income, was for such purpose more effective when unbriefed."

◼ The first special ground of the motion for new trial com-

plains that the court erred in permitting a witness for the defendant to testify in substance: He owned a fish pond containing about five or six acres. It was built according to government specifications and stocked with fish. He did not know whether it was an average pond. He knew nothing about the petitioner's ponds, but had seen them, and they appeared to be constructed similar to his. After his pond had been stocked for two and a half years, he obtained therefrom certain quantities of fish that were of a stated value. A pond should grow at least two hundred pounds of fish per acre, per year.

The movant objected on the ground that the testimony was irrelevant and unethical, and, since the witness testified that he knew nothing about the petitioner's ponds, any evidence as to quantity of fish produced in his pond would not be any criterion from which the amount of fish in the petitioner's ponds could be determined. There is no merit in this ground. While reasons are stated why the evidence objected to should not have been admitted, they merely amount to an objection that the evidence was irrelevant. This is not such an objection as would be reversible error to overrule. *Kirkland* v. *Ferris*, 145 *Ga.* 93 (4a) (88 S. E. 680); *Hogan* v. *Hogan*, 196 *Ga.* 822 (1) (28 S. E. 2d, 74); *Manley* v. *Combs*, 197 *Ga.* 768 (9), (30 S. E. 2d, 485); *Pippin* v. *State*, 205 *Ga.* 316 (6), (53 S. E. 2d, 482); *Haslerig* v. *Watson*, 205 *Ga.* 668 (1), (54 S. E. 2d, 413); *Middleton* v. *Waters*, 205 *Ga.* 847 (4), (55 S. E. 2d, 359).

■ The second, third, fourth, and seventh special grounds complain that the charge of the court allowed the jury to render a verdict for the defendant based partly on the claim for damages for breach of the partnership contract as set forth in count one, and partly on the implied contract for services as set forth in count two.

While both counts were based on the same transaction, there was no contention in the pleadings or evidence that the defendant was entitled to recover under both counts. He testified that he was claiming under the partnership contract, or on a quantum meruit basis, but that he was not claiming under both. Furthermore, when the motion for new trial was filed, the defendant made a counter-showing setting forth that he requested the trial court to submit stated questions for the jury to answer, which

would have cured the complaint here made, but that the petitioner refused to join in the request, and the petitioner now complains that the trial court did not do something that he refused to ask the court to do.

In such circumstances, if the petitioner was not satisfied with the charge as given, he should have asked the court for appropriate additional instructions.

■ The fifth special ground complains that the court erred in charging the jury: "Now, gentlemen, if you find in this case that no partnership existed, then, I charge you, that Mr. Sykes should pay to Mr. Collins the value of his services beyond his duties as a share-cropper and beyond his duties in connection with the livestock, if you find that Mr. Collins has not been paid." The criticism is that the charge was violative of the provisions of Code § 81-1104, which provides that it is error for any judge in his charge to the jury to express or intimate his opinion as to what has or has not been proved.

The court had previously instructed the jury: "If . . you should find that there was no partnership between them but that the only relation that existed was that of the landlord and cropper, then, look to the evidence and see whether or not Mr. Collins rendered Mr. Sykes any of the services as set forth in what he calls as count two, . . and determine the value of those services, gentlemen, . . if you do find, under the evidence that such services were rendered. . . If you find that Mr. Sykes has paid Mr. Collins for the supervision of this work that's contended for by him, why, you would not consider that question at all and that is a contention, as the court understands it, that Mr. Sykes says he not only paid for the labor, he paid for all the material and things of that kind but he also has paid Mr. Collins for whatever services he rendered there in the way of supervising the work." After giving the charge complained of, the court instructed the jury: "You determine . . from the evidence in this case, oral and documentary as to whether or not Mr. Collins rendered these services and if so, whether or not he has been paid for the services he claims he has rendered there over and beyond his duties as related to the share crop and to the livestock."

Considered in connection with its context, the excerpt of the

charge complained of was not subject to the criticism that it amounted to the expression of an opinion by the trial court.

■ The sixth special ground complains because the court, after charging the jury in the language of Code § 3-107, that "ordinarily, when one renders services or transfers property valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof," failed to charge the remaining provision of the Code section, "but this presumption does not usually arise in cases between very near relatives."

In the present case, the defendant was a nephew of the petitioner by marriage. The defendant testified that he made no demand for his services at the time they were rendered because under the partnership contract he expected to receive benefits in the future. There was no contention under the pleadings or evidence that the parties were dealing with each other as near relatives. In the circumstances, if the petitioner had desired the court to charge the entire Code section, an appropriate request should have been made therefor.

■ The eighth special ground is an amplification of the general grounds. The evidence, though conflicting, was sufficient to support the verdict in favor of the defendant.

*Judgment affirmed. All the Justices concur.*