34113, 34137.  TRAMMELL *v.* MATTHEWS; and *vice versa.*

DECIDED JULY 16, 1952—REHEARING DENIED JULY 29, 1952.

*Hardin & McCamy,* for plaintiff in error.

*Isaac C. Adams, Ernest McDonald,* contra.

SUTTON, C.J. ■ ■ Code § 70-301 provides: "All applications for a new trial, except in extraordinary cases, shall be made during the term at which the trial was had; and when the term shall continue longer than 30 days, the application shall be filed within 30 days from the trial, together with a brief of evidence, subject to the approval of the judge and subject to the right of amendment allowed in applications for a new trial; but all applications herein provided for may be heard, determined, and returned in vacation."

Code § 70-302 provides: "Where an order shall be taken to hear a motion for a new trial in vacation, the brief of evidence shall be presented for approval within the time fixed by the order, or else the motion shall be dismissed. At the time fixed for the hearing, the judge may finally approve the motion and brief, with all amendments thereto, and pass on the motion, with the right to either party to except as in term time; but the judge in his discretion, before or at that time, may adjourn the hearing to another date in vacation, with like power, or until the next term. Where through no fault of the movant a motion is not heard in vacation, or where a hearing is adjourned to the next term, the motion stands for hearing in term as if no order had been taken."

The motion for a new trial in this case was timely made, and during said term an order was taken to hear the motion in

vacation. The hearing on the motion was regularly continued to March 3, 1952; but, through no fault of the movant, the motion was not heard on that date and therefore stood for hearing at the next term of court, unless disposed of in the meantime in vacation under the provisions of Code §§ 24-2618 and 24-2619. *Atlanta, Knoxville, &c. Ry. Co.* v. *Strickland*, 114 *Ga.* 998 (41 S. E. 501) ; *Napier* v. *Heilker*, 115 *Ga.* 168 (41 S. E. 689) ; *Bowen* v. *Bank of Norcross*, 166 *Ga.* 317 (143 S. E. 432) ; *Perry* v. *Gammage*, 23 *Ga. App.* 583 (99 S. E. 141) ; *Gentry* v. *State*, 63 *Ga. App.* 272 (1) (11 S. E. 2d, 37).

The original order granted the movant the right to prepare and present for approval a brief of the evidence at the hearing, whenever it might be; and, there being no limitation of this right of the movant by the later orders of continuance, it was no ground for dismissal of the motion for a new trial that the brief of evidence had not been filed on March 3, 1952, as there was no hearing on the motion at that time. *Mutual Life Ins. Co.* v. *Hamilton*, 119 *Ga.* 338 (46 S. E. 434) ; *Spooner* v. *Spooner*, 178 *Ga.* 105, 108 (172 S. E. 5) ; *Wilson* v. *Van Gundy*, 83 *Ga. App.* 566 (3) (64 S. E. 2d, 292). The trial judge did not err in refusing to dismiss the motion for a new trial on March 4, 1952.

Code §§ 24-2618 and 24-2619 provide: "The judges of the superior and city courts have power to hear and determine, in vacation as well as in term time, without any order passed in term time, all motions for new trial," etc. "The hearing of all cases provided for in the preceding section shall be fixed by the judge upon the application of either party or his counsel, of which time and place the party making said application, or his attorney, shall give the opposite party or his attorney at least 10 days' notice in writing."

In dealing with these two Code sections, it was said in *Hill* v. *First National Bank of Reynolds*, 160 *Ga.* 883 (129 S. E. 285): "The first section confers and defines the power of the courts with respect to the specified matters, and the second section provides procedure by which the courts take jurisdiction for exercise of such powers. The second section provides for an application to the court, but does not specify a written application. An oral application will suffice. If a party during

vacation presents a written order to be signed by the judge setting a motion for new trial for a hearing in vacation, and the order is signed by the judge, such action by the party is the equivalent of an application for the order granted by the judge, and to that extent is a compliance with section two of the act." It is then stated that notice of the time and place of such hearing may be waived.

In the present case, the movant submitted in vacation an order which the court signed on March 4, 1952, setting a hearing of the motion for a new trial 14 days later and requiring that a copy of the order be served upon counsel for the respondent, and counsel for the respondent acknowledged due and legal service of this order. We think that this was sufficient, under the law and facts as here disclosed, to give the court jurisdiction to hear and determine the questions presented with respect to said motion on March 18, 1952.

■ The trial judge properly overruled the objection to the brief of evidence; and, having given the movant an opportunity to correct the defects in the brief as pointed out by the objection—which the movant did by striking the improper matter therein—the trial judge did not err in approving the brief of evidence. See, in this connection, *Cannon* v. *Gaines*, 199 *Ga.* 277 (3) (34 S. E. 2d, 103); *Norred* v. *State*, 127 *Ga.* 347 (3) (56 S. E. 464).

■ The time for presenting the amendment to the motion for a new trial was fixed by the court's original order as "at any time before the final hearing," and none of the various settings of the hearing limited the movant's right to file his amendment before the final hearing. The amendment was properly allowed by the court on March 18, 1952.

■ For the reason stated above, the trial judge did not err in refusing to dismiss the motion for a new trial on March 18, 1952, and the exceptions set out in the cross-bill show no error.

■ Special grounds 1, 2, and 3 of the amended motion for a new trial complain of the following charge to the jury: "I charge you that, if you find from the evidence in this case that the defendant was guilty in any one or more of the particulars alleged in the plaintiff's petition, and you also find that the driver of the automobile in which her husband was riding could,

in the exercise of ordinary care, have avoided the **injury** complained of, then the plaintiff could not recover. That would be subject, however, to this provision: if you find that both parties, that is, the driver of the automobile in which the plaintiff's husband was riding, or her husband, one or both, were guilty of negligence, and that the defendant was also guilty of negligence, but that the negligence of the defendant was greater than, or exceeded the negligence of the deceased, or of the driver of the car in which he was riding, then the plaintiff might be entitled to recover, but the amount of the recovery would be reduced in proportion as the negligence on the part of the driver, if he was negligent, or the deceased, if he was negligent, contributed to the injury sustained by the plaintiff in this case."

The movant contends that this charge was inapplicable to the issue made by the pleadings and the evidence to the effect that the plaintiff's deceased husband was riding as a guest in the automobile of a third person, such issue being whether or not the death of the plaintiff's husband was caused solely and directly by the negligence of the driver of the automobile in which he was riding, and the charge authorized the jury to compromise the question of negligence on this issue. It is contended that this charge authorized the jury to find a verdict against the defendant (although for a reduced amount) upon finding that the negligence of the defendant, if any, contributed to the injury sustained by the deceased husband of the plaintiff rather than being the direct, proximate cause thereof. The charge is also contended to be incomplete and an erroneous statement of the law of comparative negligence.

The charge was further contended in ground 3 to have been erroneous because it was qualified by the following charge: "I charge you that if you find that the deceased was a passenger in the car in question, even though you find that the driver was negligent, such negligence of the driver, if any, would not be imputable to the deceased unless such negligence, if any, was the sole proximate cause of the death of the plaintiff's husband." With this qualification, it is contended, the jury was authorized, by the first instruction, to impute the negligence of the driver of the automobile to the guest and to make a comparison of negligence of the defendant and the driver, and then withdraw

such imputation, unless the driver's negligence were found to be the sole direct proximate cause. Also, it is urged, the qualification as quoted authorized the jury to disregard any duty of the deceased to exercise care for his own safety or to avoid the consequences of the defendant's negligence, if any. Error is assigned upon this qualifying charge itself in ground 7; and ground 9 complains of the failure of the court to charge that the plaintiff could not recover if the driver's negligence were the sole proximate cause of the deceased's injury.

Special ground 8 sets out the second sentence of the charge quoted in grounds 1, 2, and 3 as error, in that this part of the charge was not adjusted to the pleadings in the case, as there were no allegations of negligence on the part of the plaintiff's husband, the defendant's contention being that the driver's negligence was the sole proximate cause of the injuries sustained; and in that this charge suggested to the jury that they might return a verdict in favor of the plaintiff for a reduced amount based upon a comparison of the defendant's negligence with that of the driver of the car, without regard to the question of causation.

The charges complained of in special grounds 1, 2, and 3 were not correct, but the errors therein were prejudicial against the plaintiff and therefore afford the defendant no ground for reversal. Although there was no evidence showing that the plaintiff's husband had, or exercised, any control over the driver of the car in which he was riding, so as to impute the driver's negligence to the deceased, the charge sought to apportion the damages between the driver of the car, who was not joined in this suit, and the defendant bridge contractor, according to the negligence attributable to each. Under this charge, if the jury first found that the negligence of the driver and that of the defendant had contributed to the injury and death of the plaintiff's husband, and then found that the negligence of the driver was equal to or greater than that of the defendant, then no recovery could be had by the widow of the deceased guest against the defendant. Such is not the law. "Where one suffers an injury as the result of the concurring negligence of two tort-feasors, the injured party may maintain a joint or several suit against the tort-feasors; and it will be sufficient to

support a recovery in a joint suit if the negligence of both be a contributing cause, although the degree of care owed to the complainant by both parties defendant be not the same." *Gooch* v. *Georgia Marble Co.*, 151 *Ga.* 462 (107 S. E. 47). "Where two concurrent causes naturally operate in causing an injury, there can be a recovery against both *or either one* of the responsible parties [citations]; and this is true although the duty owed to the complainant by both parties defendant may or may not have been the same." (Emphasis added.) *Scearce* v. *Mayor &c. of Gainesville*, 33 *Ga. App.* 411 (3) (126 S. E. 883). Under the pleadings and evidence in the present case, the jury might have found: (1) that the negligence of the driver was the sole proximate cause of the injury; or (2) that the defendant's negligence was the sole proximate cause of the injury; or (3) that the negligence of the driver and that of the defendant concurrently contributed as causes of the injury and death of the plaintiff's husband. A recovery against the defendant would have been authorized under either of the last two findings, but the charge as given would have prevented a recovery under the third finding if the defendant's negligence equalled or exceeded that of the driver. The qualifying charge, as complained of in grounds 3 and 7 of the motion, instructed the jury to impute the driver's negligence to the deceased if such negligence were the sole proximate cause of the injury, and so stated in effect that the plaintiff could not recover should the jury make the first finding above mentioned; the court thus submitted to the jury the defendant's chief defense, that the driver's negligence was the sole proximate cause of the injury sustained, although it is contended in ground 9 of the motion that the court failed to do so.

The doctrine of comparative negligence was not applicable under the facts of the present case, but neither was it prejudicial to the movant, for its application would tend to reduce the recovery of the plaintiff and therefore cannot be complained of by the defendant. See, in this connection, *Seaboard Air-Line Ry. Co.* v. *Young*, 40 *Ga. App.* 4, 7 (10) (148 S. E. 757); *Bibb Mfg. Co.* v. *Snow*, 26 *Ga. App.* 504, 507 (4) (106 S. E. 612).

Grounds 1, 2, 3, and 8 show error favorable to the movant; and grounds 7 and 9 show no error.

■ The fourth ground of the amended motion, numbered 5, assigns error on the following charge: "And if you should find under the evidence in this case that the direct and proximate cause of injury to him [the plaintiff's husband] was the negligence of someone other than the defendant, there can be no recovery against the defendant, although the defendant may have been guilty of negligence, unless you also find, as heretofore stated, that the negligence of the defendant was greater than the negligence of the other party." This charge was erroneous as contended, because it confused the questions of proximate cause and comparative negligence, and authorized the jury to find for the plaintiff if the defendant's negligence was greater than the negligence of someone other than the defendant, although the negligence of such other person was the direct and proximate cause of the injury. If the negligence of someone other than the defendant were "the direct and proximate cause" (that is, the sole proximate cause rather than a concurrent, contributing cause) of the injuries sustained by the plaintiff's husband, then the defendant's negligence would not have been a cause of the injury, and the defendant would not have been liable, regardless of whether its negligence, being not productive of the injury, was greater or less than that of some third person. Ordinarily, the negligence of both parties, the plaintiff and the defendant, must first be found to have contributed to the injury sustained, as the proximate cause or causes thereof, before any apportionment of damages, with regard to the negligence attributable to each party, may be made. The charge as given allowed the jury to return a verdict for the plaintiff and against the defendant even though they may also have found that the negligence of a third person was the sole proximate cause of the injury to the plaintiff's husband, and it was therefore reversible error, as against the defendant.

■ The next special ground (also numbered 5) complains that the court erred in charging the jury as follows: "I charge you that a contractor constructing a bridge on a highway owes a duty to the public to exercise ordinary care to protect the public from injury by reason of such construction. A breach by the road contractor defendant of his duty to erect proper barriers and signs constitutes actionable negligence." The next sentence

of the charge, following the portion quoted, was: "Whether the defendant in this case failed to exercise ordinary care toward the public in any of the particulars charged in the petition, is a question of fact for this jury." The charge here complained of did not state that any particular conduct of the defendant was negligence as a matter of law, but left it to the jury to determine as a matter of fact, under the evidence, whether or not the defendant was guilty of negligence in that respect. This charge was not error as contended by the movant.

■ Special ground 6 asserts that the court erred in admitting in evidence over the defendant's objection a tinted photograph of the plaintiff's husband, bearing a note of endearment, "Loving always—Matt," and showing him dressed in the uniform of the United States Navy. The objection made at the trial was that the physical likeness of the plaintiff's husband was not material to his age, life expectancy and earning capacity; that the photograph, although offered to show the appearance of the deceased at the time of his death, was shown to have been made some two years prior thereto; and that the photograph was prejudicial because it showed the deceased in the uniform of the United States Navy, although the evidence showed that the deceased had been discharged from the Navy at the time of his death.

This photograph should not have been admitted without some evidence as a foundation, to show that it was a correct likeness of the deceased at the approximate time of his death. The likeness of the deceased at such time would have been relevant, as tending to show his health, physical condition, and general appearance, which are material factors in determining earning capacity and life expectancy. Photographs of children have been held admissible in two cases, as illustrative of the child's capacity to labor or ability to render services. *Western & Atlantic R. v. Reed*, 35 *Ga. App.* 538, 549 (134 S. E. 134); *City Ice Delivery Co.* v. *Turley*, 44 *Ga. App.* 32, 38 (160 S. E. 517). We think that the photograph would have been admissible in this case had the proper foundation therefor been laid. The fact that the photograph showed the deceased wearing the uniform of the Navy was not prejudicial, for there was other evidence admitted showing that the deceased had been discharged from the Navy just prior to making the journey on which he was

672

fatally injured, and there was evidence of his earnings in the service. The note of endearment written on the corner of the picture may have served to increase the feeling of sympathy on the part of the jury for the bereft widow who was the plaintiff, but this objection was raised for the first time in the motion for a new trial. It was error to admit the photograph without proper foundation.

As the trial judge erred in denying the motion for a new trial on the special grounds as above stated, the general grounds of the motion will not be passed upon.

*Judgment reversed on the main bill of exceptions, case number 34113; and affirmed on the cross-bill, case number 34137. Felton and Worrill, JJ., concur.*