### 45359.    HARDIN v. BARRETT.

DEEN, Judge. The defendant Barrett entered into a contract with the City of Augusta to lay a sidewalk in front of a bank building at the corner of Broad and Seventh Streets. When the defendant commenced work on November 29, the city had removed the old sidewalk and erected barricades at both ends of the work area extending to the curb, as to which the defendant's only duty under his contract was to see that they were lighted at night. On December 2 while the work was in progress the plaintiff, proceeding along the sidewalk on Broad Street, found her way barred by the barricade erected by the city. On-street angle parking as allowed by the city prevented her from proceeding by the side of the curb, and she walked toward Seventh Street in the street behind the parked cars. As she passed the last of these, preparing to cross the street, the traffic light changed, traffic began moving on Seventh Street, she was afraid that she might be struck by a turning car and moved rapidly toward the curb when she stepped in a hole in the street, fell and sustained injuries to her foot. Under these facts the defendant moved for and was granted a summary judgment. *Held:*

1. The plaintiff relies for recovery primarily upon *Trammell v. Matthews,* 86 Ga. App. 661 (72 SE2d 132) and *State Construction Co. v. Johnson,* 82 Ga. App. 698 (62 SE2d 413). These

cases hold that a contractor must exercise ordinary care, by the erection of barricades or other precautions, to prevent persons lawfully using the highway from being injured by the work in progress. A slightly different question is presented here where the negligence alleged is that the defendant failed to provide a safe alternate method of travel for the plaintiff after the work area was securely barricaded. Other jurisdictions have frequently held in instances where a plaintiff was injured after electing to walk within the street area where the sidewalk was blocked off that a jury question was presented as to the negligence of the city in the manner in which barricades were erected, or negligence of the abutting property owner, the contractor doing the work, or the owner of an automobile parked on the sidewalk in wrongfully barricading the sidewalk but, except in actions involving defendant municipalities, we have found no case where recovery was allowed unless there existed some evidence of negligence in failing to barricade, or in maintaining the barricade or other obstacle in a negligent manner. See 93 ALR, Anno., pp. 1180, 1187. The defendant here obviously could not have appropriated the street outside its job area and where the city allowed parking as a pedestrian walkway without the permission of the city, so it would appear that any negligence in failing to provide a safe alternate walkway in the street area should be charged against the city and not the defendant contractor. The case most nearly similar on its facts is Klarquist v. Chamberlain & Proctor, 124 Cal. App. 398 (12 P2d 664), where plaintiffs sued the contractor and adjoining property owner repairing a sidewalk under a city permit for erecting a barricade which forced the decedent into a street where she was hit by an oncoming car. The court held that plaintiff's argument "fails to convince us that liability of one legally constructing a necessary public way, under the authority of a municipality, who cannot be said to have anticipated the reckless act of a third party" could, as a matter of law, be held subject to liability. This rule has been modified by later cases where it was recognized that if there is negligence in constructing the barricade the actor may be charged with anticipating that vehicles on the street may also negligently injure the trav-

eler. In Jones v. City of South San Francisco, 96 Cal. App. 2d 427, 438 (216 P2d 25), the court re-examined the Klarquist case and held that it can be explained "only on the theory that there the contractor was acting lawfully in obstructing the sidewalk. In other words, the real question was not whether the intervening act of negligence broke the chain of causation, but whether, in the first instance, the contractor was negligent." Adopting this view, where it appears in an action against the contractor alone that barricades were necessary to warn pedestrians not to enter the area under construction, where these barriers were erected and maintained without negligence on the part of anyone, and where it was in the power of the city but not the contractor to appropriate the on-street parking area for pedestrian travel during the course of construction, and where additionally the cause of the plaintiff's fall was a defect in the city street entirely outside the area where the defendant was working, it cannot be said that the defendant neglected any duty owed by it to the plaintiff under these circumstances.

2. The city ordinance pleaded by amendment requires that the party carrying on the work shall maintain an adequate and efficient barricade. By its terms it requires no more than what the defendant was admittedly doing, and it is therefore irrelevant to this action. The liability, if any, on the part of the municipality is not before us for determination.

The trial court did not err in granting the defendant's motion for summary judgment.

*Judgment affirmed. Hall, P. J., and Pannell, J., concur. Evans, J., disqualified.*

ARGUED JUNE 8, 1970—DECIDED JULY 6, 1970.

*McGahee, Plunkett & Benning, Paul K. Plunkett, Leonard O. Fletcher, Jr.,* for appellant.

*Fulcher, Fulcher, Hagler, Harper & Reed, Gould B. Hagler, Carl J. Surrett,* for appellee.